**BROWN v. CALHOUN.** (No. 7390.)

Court of Civil Appeals of Texas. Austin. Nov. 6, 1929.

758

were leaving the truck partially extending into the traveled portion of the highway and the violation of article 798 of the Penal Code 1925, requiring the lighting of motor vehicles "when in operation" at night.

Appellant contends that the evidence failed to support venue in Lee county on the following grounds:

1. Because there was no showing that the truck driver was the employee of appellant;

2. Because there was no violation of article 798 of the Penal Code;

3. Because the criminal act of the employee was not imputable to the master; and

4. Because the facts shown did not constitute a trespass within the meaning of the venue statute (subdivision 9, art. 1995, Rev. St. 1925).

The conclusion we have reached makes it unnecessary to consider appellant's first contention.

We think it immaterial whether leaving the truck parked upon the highway without lights was a violation of the Penal Code (see Horton v. Benson [Tex. Civ. App.] 266 S. W. 213), because, even conceding that it was, the liability of appellant for the act of his servant could not be based upon the criminality of the act unless appellant was a party to the crime or offense either as an accomplice or otherwise, of which there is no contention. This exact point was decided in Austin v. Cameron, 83 Tex. 351, 18 S. W. 437.

The same principle is involved in the general rule, now well established in this state, that the master is not ordinarily liable under the doctrine of respondeat superior for the malicious intent of the servant. Such liability only arises where the master has either authorized or ratified the act or has been guilty of some breach of duty in the selection of the servant. Hays v. Ry. Co., 46 Tex. 272, and subsequent decisions to the same effect.

The liability of the master here must rest upon some breach of duty by the servant in the course of his employment. It is not material, so far as concerns the master's liability, whether the breach of duty arises under the common law or from the violation of a statute. If the former, negligence is an issuable fact. If the latter, negligence is imputed as a matter of law. Whether the negligence constitutes a trespass under the venue statute is determined, in either case, by the same test; and that test, as laid down by our Supreme Court, is whether the negligence be an affirmative act or a mere omission to perform a duty. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Austin v. Cameron, above; Vaught v. Jones (Tex. Com. App.) 17 S.W.(2d) 779. A very careful review of the authorities upon this subject will be found in Brooks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162; Latta v. Bier (Tex. Civ.

Tarlton & Lowe, of Corpus Christi, and Thos. W. Thompson, of Giddings, for appellant.

Mathis & Mathis, of Houston, and E. T. Simmang and John S. Simmang, both of Giddings, for appellee.

McCLENDON, C. J. Appeal from an interlocutory order overruling a plea of privilege seeking to change the venue from Lee county to Nueces county, where appellant resided.

The suit was for damages for the death of plaintiff's (appellee's) son, which was caused by a collision between a car in which the son was riding and a motortruck loaded with cotton which had been parked on the public highway in Lee county. Appellee claims that the truck was in charge of appellant's employee at the time of the accident. It appears that there were two trucks hauling cotton to Houston. The one in front had been stopped for some repairs, and the one in the rear had been parked behind it about an hour before sunset, and was left by the driver until some time after dark while he and the other driver went to a nearby town to get some needed parts. The acts of negligence relied upon

App.) 281 S. W. 240; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800. Judge Buck's opinion in the latter case was expressly approved in the Commission opinion in the same case above.

■ The case of Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422, is on all fours with the case at bar, and holds that leaving an unlighted truck on the highway is merely a failure to perform a duty and is not a trespass within the meaning of the venue statute. We concur in and follow that holding.

The trial court's order is set aside, and the cause is remanded to that court with instructions to change the venue to Nueces county.

Reversed, and remanded with instructions.