### CLAER v. OLIVER et al.
No. 2408.

Court of Civil Appeals of Texas. Beaumont.
July 10, 1933.

Rehearing Denied July 19, 1933.

Sanders & McLeroy, of Center, and Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Lane & Lane, of Center, for appellees.

COMBS, Justice.

This is an appeal from an order of the district court of Shelby county, Tex., overruling a plea of privilege and is a companion case to the case of Murray v. Oliver (Tex. Civ. App.) 61 S.W.(2d) 534, this day decided, appellant being a joint defendant in the suit with C. L. Murray and the Beacon Oil & Refining Company. The controverting affidavits of the pleas of privilege of C. L. Murray and of the appellant raised the same issues of fact, except as hereinafter mentioned, and upon the hearing both pleas were submitted on the same evidence.

Plaintiffs, in their petition and in their controverting affidavits, allege that C. L. Murray was the driver and R. G. Claer the owner of the International truck involved in the suit and were at the time of the injuries complained of engaged in the transportation of oil in Shelby county, Tex., for the Beacon Oil & Refining Company; that while C. L. Murray was driving said truck down an incline near Walnut Grove Church in Shelby county he drove the same off the highway and collided with a truck belonging to the plaintiff Oliver, which was parked some ten steps from the road, damaging the Oliver truck and seriously and painfully injuring plaintiff Effie Oliver, who was sitting in the Oliver truck at the time. Three positive acts of negligence were alleged: (a) That the defendant, Murray, negligently operated said truck at an excessive and dangerous rate of speed; (b) that he negligently turned said truck from the highway and steered it into the truck of the plaintiff Oliver; and (c) that he negligently operated said truck upon the public highway without the same being equipped with adequate brakes.

In the Murray Case we have discussed the evidence bearing upon these issues, and held that the evidence raised them and that the court properly overruled the plea of privilege of C. L. Murray, the driver of the truck, on the ground that the suit was founded upon a trespass committed in Shelby county, within the meaning of subdivision 9, article 1995, R. S. 1925. It is, therefore, unnecessary for us to discuss those matters here.

But the appellant, in addition to urging the same grounds urged by C. L. Murray, contends that his plea of privilege was improperly overruled on the grounds (a) that there was no evidence that he was the owner of the truck in question; and (b) there was no evidence that the defendant, Murray, was his agent, or in the discharge of any duty of his employment at the time of the accident. These contentions are overruled.

On the hearing it was testified by the plaintiff Oliver that the truck which C. L. Murray was driving had printed on the door the words and figures, "R. G. Claer, Wichita Falls, Phone 705—7045," and "Truck No. 7." And on the other side were the words and figures, "R. G. Claer, Beacon Oil & Refining Company, Henderson, Texas. Phone No. 16559." At the time of the accident the truck was loaded with oil. Oliver further testified that he saw R. G. Claer one time; that Claer and C. L. Murray, driver of the truck, came to his home after the accident; that Claer introduced himself and asked permission to see his (Oliver's) truck; and that he showed it to him. Appellant offered no testimony whatever.

The testimony above summarized, uncontradicted and unexplained by the appellant, was sufficient to raise the issue that appellant owned the truck and that it was being operated by his agent in the ordinary discharge of the duties of his employment. Globe Laundry Co. v. McLean (Tex. Civ. App.) 19 S.W.(2d) 94; Mrs. Baird's Bakery v. Davis (Tex. Civ. App.) 54 S.W.(2d) 1031; Oil Belt Power Co. v. Touchstone (Tex. Civ. App.) 266 S. W. 432.

Appellant makes the further contention that his plea of privilege should have been sustained for the reason that it was not shown that he acted in person in the commission of the alleged trespass. This contention is overruled. To maintain venue over a defendant in the county where the trespass

356

was committed, it is only necessary to show that his agent committed it while acting in the apparent scope of his employment. This has been specifically held by the Texarkana Court of Civil Appeals in two cases. Campbell v. Wylie, 212 S. W. 980; Carver Bros. v. Merrett, 184 S. W. 741, 745. In the latter case defendants, Carver Bros., who were residents of Collin county, were sued in Titus county, for damages resulting from the conversion of certain cotton warehouse receipts by their agent. After holding that the conversion of the cotton receipts constituted a "trespass," within the meaning of the venue statute, it was said by Judge Levy, speaking for the court: "It is quite true that the appellants themselves could not be held criminally responsible for the trespass here. But appellants, acting through an agent, were, in legal principle, bound to see that no one suffered legal injury through the agent's wrongful act done in their service within the scope of the agency. The agent committed the act and wrong in Titus county. The injury done to appellee and the bank by the act or wrong was in Titus county. And upon the ground of being made legally chargeable with the conduct of their agent, acting within the real or apparent scope of his authority, the appellants could be sued for the damages, it is thought, in the county where the trespass was committed. Connor v. Saunders, 9 Tex. Civ. App. 56, 29 S. W. 1140; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331. The question of whether the act was committed by the agent within either the real or the apparent scope of his authority was a matter of ultimate decision here for the jury, and their finding that it was in either respect would fix venue on the principal where the trespass was committed."

■■■ The cases of Austin v. Cameron, 83 Tex. 351, 18 S. W. 437, and Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757, 758, cited by appellant as sustaining his contention, are not in point. Both are cases in which venue was sought to be maintained on the ground of the commission of a crime or offense, as distinguished from a trespass. Thus, in Austin v. Cameron, the offense charged was negligent homicide, and it was stated by the Supreme Court in the course of the opinion that venue could not be held over the defendants without a showing that they acted in person in the commission of the offense. In that connection Judge Gaines, in speaking for the court, cited the Penal Code to the effect that there could be no accomplice to the offense of negligent homicide. In the case of Brown v. Calhoun, supra, Chief Justice McClendon, speaking for the Austin Court of Civil Appeals, said: "We think it immaterial whether leaving the truck parked upon the highway without lights was a violation of the Penal Code * * * because, even conceding that it was, the liability of appellant for

the act of his servant could not be based upon the criminality of the act unless appellant was a party to the crime or offense either as an accomplice or otherwise."

The holding in these cases is apparently based on the assumption that that portion of subdivision 9 of article 1995, R. S., which fixes venue over a defendant in the county where a crime or offense upon which the suit is based was committed, has application only where the defendant is chargeable with criminal responsibility for such crime or offense. It is apparent that the rule applied in such cases has no application where venue is sought to be maintained over a defendant on the ground that the suit is based on a trespass.

There is plainly a difference in the terms "crime" and "offense," and the term "trespass," as used in the venue statute. Crime and offense involve the violation of a criminal statute, and, ordinarily, the criminal responsibility for an act committed by an agent is not imputed to his principal. But, as we have already pointed out, the rule is otherwise in case of a trespass, which is a civil injury. It does not depend in any way upon the criminality of the act giving rise to it. It is too elementary to require citation of authority that an act of negligence committed by an agent while acting within the scope of his employment is the act of his principal.

Appellant also cites us to the recent case of Murray v. Jones, 56 S.W.(2d) 276, 277, by the San Antonio Court of Civil Appeals. It is true that Judge Smith, speaking for the court, said in that case: "It has been definitely settled, and rightfully so, that an action for injury or death caused by negligence, passive or active, cannot be sustained as an action upon an offense, crime or trespass under the venue statute, unless it affirmatively appears that the defendant acted in person and not by agents. Austin v. Cameron, 83 Tex. 351, 18 S. W. 437; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757."

An inspection of the opinion shows clearly that Judge Smith, in using the language quoted, had under consideration a contention that venue could be maintained over the defendant in Bexar county because the negligent acts relied on were complained of as being in violation of the law. His view that venue cannot be maintained on such ground is supported by the two cases cited which we have discussed above.

The negligent act charged was held to be passive negligence, and not a trespass. Since this matter was controlling, we think it a fair inference that the court did not give careful consideration to the language employed when the term "trespass" was included with the terms "crime" and "offense," as requiring an affirmative showing that the defendant

acted· in person in the commission of the negligent act relied upon as fixing venue.

▮ In the case before us, the suit is based on a trespass committed in Shelby county by appellant's agent. We think the great weight of authority supports us in holding that appellant's plea of privilege was properly overruled.

Judgment affirmed.