**HOLLOWAY et al. v. SMITH et al.**

No. 9386.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

Rehearing Denied Feb. 28, 1934.

Woodruff & Holloway, of Brownwood, for appellants.

Wilkinson & Wilkinson, of Brownwood, and G. A. Walters, of San Saba, for appellees.

SMITH, Justice.

D. J. Hoerster is receiver of the defunct Bank of Fredericksburg, which owned, among its other assets, the capital stock of the Brooke Smith Realty Company, as well as three promissory notes executed by said company.

As such receiver Hoerster assigned said capital stock and notes to Sterling C. Holloway and R. R. Holloway.

Brooke Smith, Sr., Gardner Thomas, and certain associates asserted a claim to said stock and notes, contending that it was never the property of the bank, but had been held by the latter as collateral security for the payment of certain obligations of the claimants, which, they assert, had been fully paid.

The two Holloways, and certain associates, claiming ownership of the stock and notes as assignee of Receiver Hoerster, brought this action in the district court of Gillespie county against Smith and Thomas and their associates, as well as against the receiver, Hoerster, to establish their title to said properties.

Smith and Thomas, conceded to be residents of Brown county, pleaded their privilege to be sued in that county, and the trial court, after striking plaintiffs' controverting affidavit, sustained said pleas of privilege, and transferred the cause to Brown county. The Holloways have appealed.

It is conceded that defendants Smith and Thomas are residents of Brown county, to which the venue was ordered changed, and that defendant Hoerster, alone among all the defendants, is a resident of Gillespie county, where the suit was brought.

It being conceded that one of the defendants, Hoerster, is a resident of Gillespie county, it follows that venue lies in that county as against the other defendants, if the plaintiffs have asserted a bona fide cause of action against the resident defendant Hoerster. Subdivision 4, art. 1995, R. S. 1925; Richardson v. Cage Co., 113 Tex. 152, 252 S. W. 747; Henderson Grain Co. v. Russ (Tex. Com. App.) 64 S.W.(2d) 347.

We conclude that it is apparent from defendants' controverting affidavit, coupled with the original and supplemental petitions made a part thereof, that appellants have shown a prima facie cause of action against Hoerster. It was alleged that title in the property involved was primarily in Hoerster, that the latter undertook to and did efficiently convey it to appellants, but that appellees now dispute Hoerster's right or power to convey and themselves claim ownership of the property. And appellants pray that the rights and powers of all the parties be adjudicated; that title be divested out of Hoerster, denied to appellees, and quieted in appellants. The fact that some of the pleas, or all of them, were in the alternative, did not serve to deprive the trial court of venue. We think that the allegations were sufficient to present the issue of venue under the fourth exception, and that the court erred in striking out the controverting affidavit and rejecting all evidence thereunder.

We think, further, that the allegations also brought the case within exception 29a of the venue statute (Vernon's Ann. Civ. St. art. 1995, subd. 29a), entitling appellants to contest the plea of privilege under that exception. Henderson Grain Co. v. Russ, supra.

The judgment is reversed, and the cause is remanded, with instructions to the trial court to hear and determine the matter of privilege upon its merits under the issues raised in the plea and controverting affidavit.

Reversed and remanded, with instructions.