## JONES–O'SHAUGHNESSY LUMBER CO. v. BOND.

### No. 2575.

Court of Civil Appeals of Texas. Beaumont.
Feb. 14, 1935.

Leon P. Howell and David C. Marcus, both of Beaumont, for appellant.

Seale & Thompson, of Nacogdoches, and Browder & Barler, of Cold Springs, for appellee.

O'QUINN, Justice.

We take the following statement of the nature and result of the suit from appellant's brief, which is adopted by appellee as being "full, concise and unbiased":

"This is an appeal from an order overruling a plea of privilege. This suit was filed in the district court of San Jacinto County, Texas, by plaintiff, Mrs. Jessie Bond, against defendant, Jones-O'Shaughnessy Lumber Company, to recover damages in the amount of $25,000.00 on account of the death of her husband, F. E. Bond, who it was alleged was an employee of said company at the time of his death and whose death was proximately caused by the negligence of said defendant. The petition alleged that the plaintiff was the surviving wife of F. E. Bond and that defendant was a Texas corporation and that on April 10, 1933, was engaged in the lumber and timber business and was at said time engaged in cutting and hauling timber in San Jacinto County, Texas, such timber being transported from the woods to the railroad by truck. It was further alleged that on April 10, 1933, F. E. Bond, husband of plaintiff, Mrs. Jessie Bond, was employed by the defendant and that under such employment it was his duty to haul logs from the woods to the railroad by truck, and that the said defendant furnished its employees with trucks and had furnished plaintiff's husband with a Chevrolet truck at the time in question and that said truck and trailer thereto attached belonged to said defendant. It was further alleged that for the purpose of hauling logs, the defendant would furnish its employees and its truck drivers with chains, which would be used in strapping the logs on the trucks and trailers and which would hold the logs intact and prevent them from rolling off the truck while being transported. It was further alleged that on said date the said F. E. Bond was engaged in transporting logs in San Jacinto County, Texas, on a truck furnished him by defendant and that while engaged in his duties, and while hauling a load of logs, the chain which had been furnished to him by the defendant broke while the truck was being driven, and that when said chain broke it caused the logs to become separated and fly out and one or more of the logs struck him, knocking him off the truck onto the ground, and that he was struck by one or more of such logs and that the force with which he was struck inflicted serious injuries upon him, causing his immediate death. The plaintiff then alleged that the injuries and resulting death of said F. E. Bond were directly and proximately caused by the negligence of the defendant, such negligence being alleged to consist in the following:

"(a) That the defendant furnished said F. E. Bond with an old and worn out chain with which to fasten the logs on the truck that he was driving, which was negligence.

"(b) That the defendant failed and refused to furnish to said F. E. Bond a new and sound

650

chain with which to fasten the logs on the truck he was driving and that such failure to furnish such a chain was negligence.

"(c) That the defendant did not furnish said F. E. Bond with a chain of sufficient strength to hold said logs on said truck and that such failure to furnish such a chain was negligence.

"It was further alleged that F. E. Bond was at the time of his death thirty-four (34) years of age, was earning $900.00 per year, had a life expectancy of thirty-six (36) years, and that he was contributing to the plaintiff and that by reason of his death she sustained damages in the amount of $25,000.00. It was further alleged that the injuries resulting in his death occurred in San Jacinto County, Texas."

Appellant, Jones-O'Shaughnessy Lumber Company, duly filed its plea of privilege, asserting its right to have the suit transferred to the district court of Jefferson county, Tex., alleging the statutory ground in support of such plea, and showing that it was a resident of, and domiciled in, Jefferson county, Tex.

Appellee duly filed her controverting plea to the said plea of privilege, and alleged that the venue of the suit was properly maintainable in San Jacinto county for in that the suit was one for damages on account of the death of her husband, F. E. Bond, whose death was proximately caused by the negligence of appellant, Jones-O'Shaughnessy Lumber Company, a corporation, in whose employ he was at the time he received his fatal injuries, and that at such time he was in the discharge of his duties to his said employer. That his injuries were received in San Jacinto county, Tex., and that therefore, under subdivision 23 of article 1995, R. S. 1925, the venue of the suit was properly laid in San Jacinto county, Tex. She also, as part of her controverting plea, attached a copy of her petition thereto, properly referring to same and making same a part of her said plea.

Upon hearing, the court overruled appellant's plea of privilege, and from that order this appeal was taken.

[1] Against a plea of privilege, it is mandatory that the plaintiff must plead and prove the matters of fact under the law that would support the venue where the suit is brought. Richardson v. Cage Co., 113 Tex. 152, 252 S. W. 747; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241.

■ As is disclosed by her petition, Mrs. Bond sued appellant alleging that her de-

ceased husband was an employee of appellant company and in the discharge of his duties as such employee on April 10, 1933, the day she alleges he was injured and killed through the negligence of appellant. We have carefully considered the statement of facts adduced on the hearing of appellant's plea of privilege, and must say that the proof does not meet or support the allegations. W. J. Kelley, a witness for appellee, Mrs. Bond, testified that he was in the timber business for himself, buying timber, having it cut into sawmill logs, logging same to the railroad, and there delivering it to be shipped to the Jones-O'Shaughnessy Lumber Company at Beaumont; that he was logging the timber under contract with said company; that he logged the timber with trucks and mules; that he was using five trucks and that Bond drove one of the trucks; that Bond was his employee and not that of Jones-O'Shaughnessy Lumber Company.

Mrs. Bond testified that her husband was working for the Jones-O'Shaughnessy Lumber Company, and, when asked how she knew that, she said her husband had told her so (this was struck from the record), and that she saw his pay checks and that they were from Jones-O'Shaughnessy Lumber Company, on its blank checks and signed by it, and that the truck belonged to said company. Kelley testified that he had a regular logging contract with Jones-O'Shaughnessy Lumber Company; that he bought the timber, logged it to the railroad, and there it was delivered to be shipped to the company; that he made out his pay roll, gave it to the company, and that it gave him checks to cover same, and charged the amount of the pay roll against the amount due him for the timber; that he bought the truck that Bond was driving from the Jones-O'Shaughnessy Lumber Company, along with others, and that it belonged to him before Bond commenced to work for him. This testimony as to the whole transaction he gave on both direct and cross examination. There was no evidence contradicting it other than that mentioned of Mrs. Bond. Her evidence of hearsay and of negative character was not sufficient to overcome the positive testimony of Kelley.

It appearing that Kelley was an independent contractor, and that Bond was his employee, and that appellant had no contract of employment with Bond or any control over him, appellee failed to prove her alleged ground of venue, and in fact failed to show any cause of action against appellant. It follows that the judgment or order overruling

appellant's plea of privilege should be reversed and remanded, with instructions that same be sustained and the cause transferred to the district court of Jefferson county, Tex., and it is so ordered.

Reversed and remanded, with instructions.