## JOY v. CRAIG.
### No. 4388.

Court of Civil Appeals of Texas. Amarillo.
April 1, 1935.

262

Williams & Bell, of Childress, and J. W. Chancellor, of Bowie, for appellant.

Works & Bassett and L. B. Godwin, all of Amarillo, for appellee.

MARTIN, Justice.

Only a brief statement is necessary to properly understand the law points presented and disposed of on this appeal.

Appellant owned and operated a high density cotton compress in the city of Childress in Childress county. Appellee was employed by appellant at said compress as a tie pusher. While so employed he was injured, and thereafter sued appellant for damages in Childress county. His petition in substance and in part alleges the business of appellant, the nature of his duties as tie pusher, and shows in detail the method of compressing a bale of cotton in said compress; that sometimes a tie broke, when it then became necessary to reapply the power to again compress and re-tie; that on the day of the injury a tie did break and his petition then proceeds:

"* * * That when said bale was stopped for such retying, as to said broken tie, it was plaintiff's duty as such tie pusher to proceed with the retrieving of said broken tie, in preparation for such retying, which duty he undertook to perform in the usual and customary method, he reaching with his left hand to take hold of the said broken tie, at or about the end, nearest to him, all of which he did in the exercise of due care and while his left hand and arm were so extended for said purpose in between the top of said bale and the upper block of said compress, Jim Montgomery who was in control of the power of said press suddenly and rapidly started said engine and compressor, without

allowing plaintiff time to retrieve said broken tie or to withdraw his hand and arm therefrom, said Montgomery so applying said power without signal to do so and without warning or notice to plaintiff that same was to be so done. * * *

"That at said time and under said circumstances while said press was open and this plaintiff's hand was within the area of the press and in such a position that he, the said Jim Montgomery, knew, or by the exercise of ordinary care and diligence would have known that the bringing into action of the press would injure and damage plaintiff, he, the said Jim Montgomery, without signal or call, and without authority from the head tier or any other persons authorized to give such call, did bring into action said press, thrusting upward the block and catching the bale of cotton in said compress and reducing it to a compressed condition and, at the same time, caught this plaintiff's left hand and left arm between said bale of cotton and the block above the same, crushing, smashing, and breaking the bones, ligaments, muscles and blood vessels, of said arm, doing him personal injury, damage and hurt as will herein more fully appear."

His injuries are then described in detail, and recovery of $15,000 prayed for.

Appellant filed his plea of privilege to be sued in Kaufman county, admittedly his residence. To this, appellee filed a controverting affidavit, claiming venue in Childress county under article 1995, subd. 9; and alleging: "Plaintiff further says that the cause of action set up in this case is upon an active trespass committed in Childress County, Texas, by the defendants in person and by their agents."

Appellant's plea was overruled.

Appellant's answer is unnecessary to notice further than to say it placed in issue the matters hereafter discussed.

In response to special issues, judgment was entered against appellant for $6,500.

An issue was made as to whether or not appellant's engineer, Jim Montgomery, reapplied the power to the press, as set out above in appellee's petition, and that such act was negligence and the proximate cause of appellee's injuries. Montgomery's act in turning on the power while appellee was engaged in his duties of retrieving the broken tie, thus catching and injuring appellee's hand in the press, was an affirmative act of negligence amounting in law to a trespass as that term is used in article 1995, subd. 9,

R. S. 1925. Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; English v. Miller (Tex. Civ. App.) 33 S.W.(2d) 477; Claer v. Oliver (Tex. Civ. App.) 62 S.W.(2d) 354; Barnes v. Moro (Tex. Civ. App.) 76 S.W.(2d) 831. By the express provision of said article 1995, subd. 9, suit may be brought in the county where a trespass is committed. There being sufficient evidence to sustain the court's finding that a trespass was committed by the agent of appellant in Childress county, while acting within the scope of his employment, we overrule appellant's assignment of error raising the question of venue.

█ █ Whether the injury to appellee was caused by a re-application of power to the press, or by a mere rebound of same, was a controverted issue in the trial court. The latter was the theory of appellant, sustained by the direct testimony of witnesses. Indeed, the court recognized the existence of such an issue by submitting both theories to the jury. Notwithstanding the existence of this material issue, the trial court assumed throughout his charge that the power had been reapplied, in accordance with appellee's theory. The following will sufficiently illustrate this:

Special Issue No. 1:

"(a) Do you find and believe from a preponderance of the evidence that Jim Montgomery reapplied the power to the press, after the same had been stopped for retying, on account of broken tie, without signal being given therefor. Answer yes or no. Answer: Yes.

"If you have answered special issue No, you need not answer the next following special issue, but if you have answered it 'Yes', then answer the following special issue:

"(b) Do you find and believe from a preponderance of the evidence that such reapplication of said power was negligence? Answer yes or no. Answer: Yes."

Special Issue No. 2:

"(b) Do you find and believe from a preponderance of the evidence that Jim Montgomery in the exercise of ordinary care in the discharge of his duties in the control of the power of the press, on the occasion in question, would have known that plaintiff's hand was between the bale of cotton and the upper block of the press immediately before the plaintiff sustained the injury complained of. Answer yes or no. Answer: Yes.

"If you have answered subdivision (a) of special issue No. 1, and either subdivision (a) or (b) of special issue No. 2, in the affirmative, or yes, then you will answer:

"(c) Do you find from a preponderance of the evidence that such reapplication of power to the press by said Montgomery was negligent? Answer yes or no. Answer: Yes."

Subdivision (b) of Special Issue No. 1, and subdivision (c) of Special Issue No. 2, quoted above, are both on the weight of the evidence. They pointedly assume the existence of the main fact relied on by appellee to establish negligence, and which constituted the most hotly contested issue in the case.

It is vigorously insisted by appellee that appellant's exceptions to said issues in the trial court were insufficient.

We quote one of these: "Defendant excepts and objects to subdivision (c) of paragraph two, for the reason that as to such paragraph and part of the charge, it is a charge upon the weight of the evidence, and affirmatively instructs against the defendant and takes from the jury one of the controverted issues of the case; and said paragraph as a whole assumes that the plaintiff's hand was caught and mashed by reason of the reapplication of power to the press by said Jim Montgomery."

Two of the others are somewhat more general, but, read as a whole, they apprised the trial court and appellee's counsel that appellant was objecting because such issues were upon the weight of the evidence in that they each assumed the existence of a controverted issue. Only one issue appears in the charge objected to, and this related to the reapplication of the power by Montgomery. The one quoted goes further and calls attention pointedly to the assumption of a "reapplication of power" by Montgomery, which was appellee's theory of the accident, and the existence of which was made the basis of the recovery of damages sought by him. By the specific terms of article 2185, R. S. 1925, the trial court may not "comment on the weight of the evidence." It is only necessary for an exception to a charge to clearly point out the error complained of. This, we think, the appellant did.

The judgment of the trial court is reversed, and the cause remanded.