We answer question No. 3 as above indicated, and answer question No. 4, "Yes."

In answer to questions Nos. 3 and 4, we hold that the notes in controversy are enforceable. In view of this holding, the notes in controversy constitute a contract in writing to perform an obligation in Wichita county, and suit can be maintained on the notes in that county by virtue of subdivision 5 of article 1995 of the Revised Civil Statutes of Texas.

We answer question No. 1, "Yes."

It is now the established rule that when a defendant files a plea of privilege in conformity with article 2007 of the Revised Civil Statutes, the burden is placed upon the plaintiff to file a controverting affidavit and produce evidence to overcome the prima facie case made by defendant in his plea of privilege. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824; Ketner et al. v. J. M. Radford Grocery Co. (Tex.Civ.App.) 299 S.W. 680.

In this case Wickliffe filed his plea to be sued in Hardeman county instead of Wichita county. Nothing more was required of him with respect to this plea. That placed the burden upon the Curlee Clothing Company to allege and prove that Wickliffe had executed the notes. This was done, and then the notes were introduced in evidence. This met the burden placed upon the Curlee Clothing Company to establish the right to maintain the suit in Wichita county.

We answer question No. 2, "Yes."

**SMITH et al. v. HOLLOWAY et al.**

No. 9654.

Court of Civil Appeals of Texas. San Antonio.

Jan. 15, 1936.

Rehearing Denied Feb. 19, 1936.

Wilkinson & Wilkinson, of Brownwood, G. A. Walters, of San Saba, and Alfred Petsch, of Fredericksburg, for appellants.

Woodruff & Holloway, of Brownwood, for appellees.

MURRAY, Justice.

Certain phases of this cause have been before this court heretofore; see Holloway v. Smith, 68 S.W.(2d) 554.

This suit was instituted by Sterling C. Holloway and others, in the district court of Gillespie county, against D. J. Hoerster, individually and as receiver of the Bank of Fredericksburg, Brooke Smith, Sr., Gardner Thomas, and others.

Sterling C. Holloway and his associates, who are appellees here, allege in the first count of their petition, that they had purchased from D. J. Hoerster, as receiver of the Bank of Fredericksburg, all of the capital stock of the Brooke Smith Realty Company, together with three vendor's lien notes executed by that company, for the consideration of $1,000 paid in cash. They further allege that Brooke Smith, by publishing notices, by an affidavit filed of record in the office of the county clerk of Brown county, Tex., and by attempted interference with the possession of the assets of the Brooke Smith Realty Company, is asserting and claiming some character of interest in the title to the stock of said Brooke Smith Realty Company and of its assets, for himself and on behalf of the other defendants herein, except Hoerster, receiver; that in truth and in fact the said Brooke Smith and his associates have and own no interest, nor any valid claim to or right in the said stock of the Brooke Smith Realty Company, or its assets. Appellees then pray for judgment decreeing and adjudging them to be the owners of the capital stock and assets of the realty company.

Count 1 of the petition might be regarded as a suit to remove the cloud from the title to the stock and other assets of the realty company, caused by the acts of Brooke Smith, Sr.

The second count of the petition was in the nature of an alternative plea for damages, if the title to the stock and assets of the realty company should fail and Brooke Smith, Sr., should establish his title and that of his associates to this stock and assets.

The third count of the petition was an alternative plea asking for recovery upon warranty of title in the event appellees' title to the stock and assets should fail.

Brooke Smith, Sr., and Gardner Thomas filed pleas of privilege to be sued in the county of their residence, which was Brown county. Appellees, in due time, filed a controverting affidavit to these pleas of privilege. Appellants directed certain general and special exceptions to the controverting affidavit, which were sustained by the trial court, upon the first hearing, and the plea of privilege upheld. It was from this action of the court that the first appeal was taken, and this court held, on that appeal [68 S.W.(2d) 554], that the controverting affidavit was sufficient, as a matter of law, to show venue in Gillespie county, and reversed the judgment of the trial judge and remanded the matter, with instructions that

all exceptions should be overruled and evidence heard upon the pleas of privilege.

The record in the present appeal shows that the trial judge did overrule all exceptions to the controverting affidavit, and that a hearing was had on evidence introduced as to the pleas and as to the merits of the cause at one and the same time, and that this method of procedure was agreeable to all parties to the suit.

The trial was to a jury, and at the close of the testimony the trial judge overruled the pleas of privilege and gave an instructed verdict in favor of Holloway and his associates, against all defendants, for the title and possession of the stock and assets of the Brooke Smith Realty Company. He further found that Hoerster, neiter individually nor as receiver of the bank, should be adjudged to pay any of the costs.

█ The evidence shows, and the trial judge so found as a matter of law, that Hoerster, as receiver, properly transferred the stock and assets of the Brooke Smith Realty Company to Holloway and his associates, and, therefore, it is plain, both from the evidence and the finding of the trial judge, that Holloway did not have any cause of action against Hoerster, the only defendant resident in Gillespie county. As stated by this court in its original opinion [68 S.W.(2d) 554], venue in Gillespie county depended upon Holloway's being able not only to allege, but to prove, at least a prima facie cause of action against Hoerster.

Appellees make no complaint at the finding of the trial judge, as a matter of law, that Hoerster should be discharged without the payment of costs. It is true that the trial judge gave Holloway and his associates judgment against all of the defendants for the title and possession of the stock and assets of the Smith Realty Company, but the evidence further shows that Hoerster never, at any time, questioned Holloway's right to this stock and assets. In other words, he disclaimed any right in and to this property. Certainly, in the light of the evidence, appellees could not possibly contend that they had shown any controversy between them and Hoerster, such as would give venue of this cause to Gillespie county. The record clearly shows that the only real controversy in this suit is between Holloway and his associates, on the one hand, and Brooke Smith and his associates, on the other hand.

The trial judge, from the evidence before him, should have sustained the pleas of privilege and ordered this cause transferred to the district court of Brown county. It follows that the district court of Gillespie county, not having venue of this suit, could not render any judgment upon the merits of the case.

The judgment of the trial court will be reversed and judgment here rendered sustaining the pleas of privilege of Brooke Smith and Gardner Thomas, and transferring this cause to the district court of Brown county. The costs of this appeal will be taxed against appellees.

Reversed and rendered.

## On Motion for Rehearing.

We have carefully considered appellees' motion for a rehearing and conclude that same should be overruled.

█ In Compton v. Elliott (Tex.Com. App.) 88 S.W.(2d) 91, decided since our original opinion was delivered, it is held, in effect, that a party seeking to maintain a suit against a nonresident defendant, who has plead his privilege to be sued in the county of his residence, must allege and prove, by a preponderance of the evidence, all necessary facts to maintain venue in the county where suit is brought.

██ It is clear that appellees did not prove, by a preponderance of the evidence, that they had a cause of action against Hoerster. The trial judge instructed a verdict against appellants, thereby deciding as a matter of law that appellees had no cause of action against Hoerster, the resident defendant, and even relieved him from the payment of any costs. Appellees made no complaint of this action of the trial judge. If it was appellees' position that they had established a cause of action against Hoerster by a preponderance of the evidence, it was their duty to have insisted that the jury be permitted to pass upon this matter, and that the proper issues be submitted to them, to entitle them to make a finding upon this question; and if the court failed to grant this request they should have excepted to his action in so refusing. Appellees having made no such request, but, on the contrary, having insisted upon an instructed verdict in their favor, waived such matter and cannot now be heard to complain. Ormsby v. Ratcliffe, 117 Tex.

242, 1 S.W.(2d) 1084. There can now be no question but that a jury may be demanded for the purpose of passing upon questions of fact involved in a plea of privilege hearing. The question of the preponderance of evidence is a matter that can properly be submitted to a jury. See, also, Stone Fort Nat. Bank of Nacogdoches v. B. L. Forbess, 91 S.W.(2d) 674, and Curlee Clothing Co. v. C. L. Wickliffe, 91 S.W.(2d) 677, both opinions delivered by the Supreme Court on February 12, 1936, but not yet reported [in State report].

■ The point that we are here making is, that where by agreement a cause is heard upon its merits and upon a question of venue at one and the same time, and upon the same evidence, and where venue in the county of the suit depends upon the plaintiff's establishing a cause of action, by the preponderance of the evidence, against the resident defendant, the court cannot instruct the jury to find only against the nonresident defendants, thereby necessarily finding, as a matter of law, that plaintiff does not have a cause of action against the resident defendant, and at the same time retain venue of the cause under subdivision 4 of art. 1995, R.S.1925, which depends upon plaintiff's showing, by a preponderance of the evidence, that he has a cause of action against the resident defendant.

The appellees herein, by agreeing to submit this cause on its merits and upon the question of venue to the court upon the same evidence, began this trial faced with the dilemma that if they established their cause of action by a preponderance of the evidence against the nonresident defendants, who are the appellants herein, they must necessarily lose on the question of venue, as they could only establish a cause of action against Hoerster, the resident defendant, in the event they failed to prevail against the nonresident defendants.

It is true that, had appellees insisted, they would have been entitled to have these matters submitted to the jury. However, the jury in this cause could not have, in answer to one issue, found that the preponderance of the evidence established a good cause of action against nonresident defendants, and at the same time have found that that same preponderance of the evidence showed a good cause of action against Hoerster. Such findings would

necessarily have to be in conflict, one with the other, and could not become the basis of a binding judgment.

Appellees' motion for a rehearing is overruled.