**HEARD & HEARD, Inc., v. KUHNERT.**

No. 11025.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 15, 1941.

Rehearing Denied Nov. 12, 1941.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

Wade & Wade, of Beeville, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege.

The appellant, Heard & Heard, Inc., a corporation having its domicile in Refugio County, Texas, defendant below, filed a statutory plea of privilege which was controverted by appellee, Louise Kuhnert, plaintiff below, who sought to maintain venue in Bee County under exceptions 9 and 23 or Article 1995, Vernon's Ann.Civ. Stats., which read as follows:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile.

\* \* \* \* \* \* \* \* \*

"23. Corporations and associations.— Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, \* \* \*."

The tragic events giving rise to the present controversy took place during the night of January 20, 1940, in Bee County, Texas, upon the highway connecting the towns of

Beeville and Skidmore. A truck and trailer owned by the appellant and being driven by its employee, Charlie Bishop, who was then acting within the scope of his employment, collided with a Chevrolet coupe owned and being operated by George Thomasson. Tom Campbell and Miss Kuhnert were riding with Thomasson in the Chevrolet. Both Thomasson and Campbell were killed and Miss Kuhnert sustained serious bodily injuries as a result of the collision.

Trial was to a jury which, in response to special issues, found: (1) that the collision occurred in Bee County, Texas; (2) that immediately preceding said collision appellant's truck driver was operating the truck and trailer partially upon the (his) left hand side of the highway; (3) that this action was negligence and (4) a proximate cause of appellee's injuries.

As above indicated, the evidence showed conclusively that Bishop, the truck driver, was acting within the scope of his employment. It is not contended that Miss Kuhnert was negligent in any particular. The evidence is sufficient to have supported findings that the collision resulted from (1) the negligence of Bishop, the truck driver, or (2) certain acts, negligent in nature, committed by Thomasson, the driver of the automobile, or (3) the concomitant negligence of both Bishop and Thomasson.

Appellant requested the submission of certain issues predicated upon its theory that certain acts of Thomasson, negligent in nature, constituted the *sole* proximate cause of the collision and appellee's resulting injuries. Appellant also requested submission of the issue of "unavoidable accident," which, under the facts disclosed by this record, was the same as the issue of a third person's act being the sole proximate cause of appellee's injuries. Dallas Ry. & Terminal Co. v. Goss, Tex.Civ.App., 144 S.W.2d 591, 594.

The controlling question upon this appeal is, therefore, whether or not the trial court was correct in refusing to submit the issue of "sole proximate cause," which is raised by the evidence. Appellee contends that such submission was unnecessary, as the matter of venue and not liability was involved.

■ We are of the opinion that venue of this action can not be maintained in Bee County over appellant's plea of privi-lege, upon the theory that Bishop, the truck driver, was guilty of a crime or offense committed in Bee County, Texas; namely, a violation of Article 801(A), Vernon's Ann.Penal Code. In Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276, this Court held that venue of a suit against a principal, based upon a crime or offense committed by an agent, could not be maintained in the county where the crime was committed as against the principal's plea of privilege, unless it be shown that said principal "was a party to the crime or offense either as an accomplice or otherwise." Brown v. Calhoun, Tex.Civ.App., 22 S.W.2d 757, 758. There is no contention here that appellant was a party to the crime allegedly committed by Bishop, either as a principal, an accomplice, or an accessory, as those terms are defined by Title 3 of the Penal Code. Articles 65–82, Vernon's Ann.Penal Code.

■ There is, however, a substantial distinction between a crime and a trespass in that "ordinarily, the criminal responsibility for an act committed by an agent is not imputed to his principal. But * * * the rule is otherwise in case of a trespass, which is a civil injury," Claer v. Oliver, Tex.Civ.App., 62 S.W.2d 354, 356, for, as stated in the headnote of said opinion, an "agent's act of negligence committed while acting within the scope of his employment is the act of the principal." See, also, 33 Tex.Jur. 90, § 59.

■ The action of appellant's truck driver in driving to the left of the center line of the highway (as determined by the jury) was undoubtedly an act of active, as distinguished from passive, negligence in "trespass" cases. Columbian Fuel Corporation v. Summers, Tex.Civ.App., 134 S.W.2d 694.

■ It seems, however, that one of the elements of a trespass is an invasion of some legal right of the party who bases a suit thereon. Applied particularly to cases such as this, growing out of alleged negligent acts, the rule is that in order to constitute a trespass there must be a causal connection between the alleged negligent act and the injuries sustained by the plaintiff. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; Mercer v. Huff, Tex.Civ.App., 60 S.W.2d 327.

In Texas & N. O. Ry. Co. v. Owens, Tex.Civ.App., 54 S.W.2d 848, 853, writ refused, it was held that the "word 'causal'

**820**

has a very definite legal meaning with reference to the question of proximate cause" and that the "fact of causal connection between an alleged negligent act or omission * * * can no more be presumed than can the act or omission itself." Quoting from Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049.

In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, it was held that the venue facts under exception 9 are (1) that the crime, offense or trespass was in fact committed and that (2) it was committed in the county where the suit is pending. This case is also authority for the proposition that where a trespass is relied upon it is necessary that the plaintiff prove the essential elements of the trespass, one of which, as above pointed out, is the causal connection between the alleged act of misfeasance and the plaintiff's injuries. Longhorn Drilling Corp. v. Padilla, Tex.Civ. App., 138 S.W.2d 164. In this case, the trial court submitted to the jury the issue of proximate cause. Without the jury's finding upon this issue there is no showing of a causal connection between the negligent act and appellee's injuries. Appellee, in relying upon a trespass, is in no position to contend that the element of proximate cause is not in the case.

Insofar as Exception 23 is concerned, we may point out that appellee pleaded a cause of action which arose in Bee County.

In A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622, it was held that under Exception 29, of Article 1995, one of the venue facts was that "a cause of action for libel accrued," which is similar to the verbiage of Exception 23, wherein the words "cause of action, or a part thereof, arose" are employed. In the above cited case, a cause of action was "defined 'as a fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief.'" Since Compton v. Elliott, supra, it is well settled that venue facts must be established by a preponderance of the evidence. See, also, Smith v. Holloway, Tex.Civ.App., 91 S.W.2d 680, 682; Jones-O'Shaughnessy Lumber Co. v. Bond, Tex.Civ.App., 79 S.W.2d 649; Longhorn Drilling Corporation v. Padilla, Tex.Civ. App., 138 S.W.2d 164.

In John F. Camp Drilling Company v. Steele, 109 S.W.2d 1038, this Court

held that under Exception 23, proof of agency between the alleged tort feasor and the corporation was necessary in order to show that a "cause of action arose." Similarly, in this case the jury's finding on proximate cause is necessary to prove a venue fact under said Exception 23.

Whether the "trespass" under Exception 9, or the "cause of action" under Exception 23, be considered, it seems clear that "proximate cause" is an element of a venue fact. It follows that it was incumbent upon appellee to establish the existence of this element by a preponderance of the evidence.

There are certain well recognized distinctions between a hearing upon the issue of venue and one upon the merits of the case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304. But, can it be said that when a certain question, such as proximate cause in this case, becomes an issue as an element of a venue fact, the method of its determination differs from that method employed when the question of liability is involved? We think not. In Stockyards Nat. Bank v. Maples, supra, Judge Smedley, upon authority of Compton v. Elliott, supra, said: "On the trial of the issues made by the plea of privilege and the controverting affidavit, *the plaintiff must prove the essential facts in the usual way,* and the defendant is permitted by his evidence to dispute and contradict the plaintiff's evidence." (Italics ours.) See, also, Sisco v. Sklar, Tex.Civ. App., 113 S.W.2d 999, 1000, in which it is said that the plaintiff has "the burden of both alleging and fully proving—*in the usual way,* and not prima facie only—the specific facts so alleged and relied upon by him as bringing the cause within the particular exceptions to article 1995 he declares upon." (Italics ours.)

It seems inescapable that trial in the ordinary or usual way has reference to the methods and rules generally employed in determining issues upon a trial of the merits. In other words, where the question of proximate cause is involved as an element of a venue fact, it is to be determined by the same method as that employed when it, proximate cause, is an issue upon the question of liability.

It is well settled that upon a trial of the merits of a negligence case, when the evidence is sufficient to sustain findings that the sole proximate cause of plain-

tiff's injuries was the action of a third party, the trial court upon proper request must submit said issue of sole proximate cause to the jury. Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984, holdings approved by the Supreme Court; Schumacher v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Parker v. Jakovich, Tex.Civ. App., 115 S.W.2d 790; Collier v. Rives, Tex.Civ.App., 103 S.W.2d 830; 41 Tex.Jur. 1122, § 283.

Prior to September 1, 1941, this issue was available to the defendant under a general denial. Schumacher v. Shooter, supra. (See Rule 279, R.C.P.)

A finding favorable to the defendant upon such an issue is a finding that the material allegations of plaintiff's petition are untrue, including the allegation that the proximate cause of plaintiff's injuries was an act of negligence attributable to the defendant. Horton & Horton v. House, supra.

The issues of "sole proximate cause" and the somewhat similar "unavoidable accident" go to the rebuttal or destruction of the plaintiff's cause of action and not merely to the avoidance of liability. The plaintiff must negative their existence. Such issues are clearly distinguishable in nature from the affirmative defense of contributory negligence. This is apparent from the authorities above cited. As to contributory negligence, see Koons v. Rook, Tex.Com.App., 295 S.W. 592, 597; 30 Tex.Jur. 811, § 135; Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894.

Applying the rules applicable to the determination of issues in the ordinary or usual way, we hold, since the question of whether or not the negligence of appellant's truck driver was a proximate cause of appellee's injuries was an element of a venue fact and as such submitted to the jury by the trial court in accordance with appellee's theory of the case, the trial court erred in refusing appellant's requested issues seeking an affirmative presentation of its theory, having support in the testimony, that the sole proximate cause of appellee's injuries was the negligence of the driver of the Chevrolet automobile, which would negative appellee's assertion that the negligence of the truck driver was a proximate cause of his injuries. 41 Tex. Jur. 1122.

Viewing the evidence "according to the state thereof before, and not after, it was interpreted by the jury," Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, 520, holdings approved by the Supreme Court; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489, we hold that the error above pointed out necessitates a reversal of the order appealed from, and it is accordingly so ordered.

Reversed and remanded.

SMITH, Chief Justice (concurring).

I concur in the holdings expressed by Associate Justice NORVELL in the foregoing opinion, including what is said with reference to Murray v. Jones, Tex.Civ. App., 56 S.W.2d 276. This holding, following Austin v. Cameron, 83 Tex. 351, 18 S.W. 437, and Brown v. Calhoun, Tex.Civ. App., 22 S.W.2d 757, and apparently approved by Claer v. Oliver, Tex.Civ.App., 62 S.W.2d 354, is seemingly in accordance with the weight of authority, although certain expressions in Roadway Transport Company v. Gray, Tex.Civ.App., 135 S.W. 2d 200, may be considered as contrary thereto.

As pointed out in Claer v. Oliver, supra, some confusion has arisen in connection with Murray v. Jones by reason of the inadvertent intermingling of the words, "crime," "offense," and "trespass" in the opinion in the latter case.

The authorities cited, however, make it apparent that crimes or offenses, as distinguished from trespasses, are the bases of the holding in paragraph (1) of the opinion in Murray v. Jones, and the holding there is in accordance with what has been stated by Mr. Justice NORVELL in the foregoing opinion.

The holding in paragraph (2), in Murray v. Jones, as shown by the authorities cited, is based upon trespass, as distinguished from crimes and offenses, and that holding is in accordance with the well settled rule that in a negligence case, in order to establish a trespass, it is necessary to show some act of active, as distinguished from mere passive, negligence, or, as has been said, an act of misfeasance rather than of nonfeasance. Dixon v. McDonald, Tex. Civ.App., 130 S.W.2d 884.