POOL'S EXECUTOR *vs.* RELFE ET AL.

1. To remove the bar of the statute of limitations after it is complete, the admission must extend not only to the correctness of the original debt, but also to a present willingness or liability to pay it.
2. A proposal by way of compromise to pay the principal, if the creditor would lose the interest, is not sufficient to remove the bar of the statute after it is complete.
3. A letter containing an offer of compromise held not to be a conditional promise such as would become binding and remove the bar of the statute on proof of the facts denied in it.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. J. W. LESESNE.

THIS bill was filed by David H. Kenyon, as executor of Solomon Pool, deceased, against the appellees, who are alleged to be the brothers and sisters of William T. Relfe, deceased, and as such his heirs at law. It alleges that said Pool became surety of said William T. Relfe on a guardian's bond; that said Relfe afterwards made default as guardian, and a judgment was recovered on said bond, against the obligors for the sum of $327 68; that complainant, as executor of said Pool, had been compelled to pay said judgment; and that the defendants had received out of the estate of said Wm. T. Relfe, their brother, more than enough to repay it.

The answers admit the case made by the bill, and rely upon the statute of limitations as a defence. To remove the bar of the statute the plaintiff replied a subsequent promise, and adduced in evidence a letter from Montgomery S. Relfe, one of the defendants, the material portions of which are stated in the opinion of the court. The Chancellor held the letter not sufficient to remove the bar of the statute, and dismissed the bill; and his decree is now assigned for error.

I. B. STONE, for appellant:

1. The Chancellor misconceived the true force and meaning of the letter. It is not a mere peace offering, or proposition to compromise: it is predicated of existing facts, and therefore

admissible in evidence ; it is a distinct admission of the correctness of the demand, and an offer to pay it.—20 Johns. 576 ; 2 Phil. Ev. 221, 222 ; 1 Green. Ev. § 192 ; 22 E. C. L. R. 355, 447 ; 14 Ala. 476 ; 20 ib. 105, 147.

2. The letter amounts to a conditional promise to pay ; and as the proof shows that the event has happened upon which the promise depends, to-wit : that the writer has received property from his brother's estate sufficient to pay it, the promise becomes absolute, and plaintiff is entitled to recover.—Angell on Lim. 249 to 254.

GEO. W. STONE, contra :

1. The complainant's claim is barred by the statute of limitations.—Hatfield v. Montgomery, 2 Porter 58 ; Johnson v. Johnson, 5 Ala. 99 ; Juzan v. Toulmin, 9 Ala. 663 ; Wood v. Wood, 3 Ala. 762 ; Lansing v. Starr, 2 Johns. Ch. 150 ; Demarest v. Wynkoop, 3 Johns. Ch. 136 ; 10 Wheaton 176 ; 6 Johns. Ch. 289.

2. The letter contains no promise or admission of a debt sufficient to take the case out of the statute ; it is but an offer to compromise.—Allen v. Roberts, 2 Bibb 99 ; Gibbs v. Wright, 14 Ala. 465 ; Angell on Limitations 227 to 245, and authorities there collated.

PHELAN, J.—The case made by the bill is admitted in effect by the answer, and the defence is rested upon the statute of limitations. To this defence the complainant replies a subsequent promise, and relies upon the contents of a letter written by the defendant, Montgomery S. Relfe. This narrows the whole controversy down to a question as to the true import and construction of the terms of this letter.

We do not understand the appellant to controvert the correctness of the rule now generally adopted, and which this court has laid down in the recent cases of Townes & Nooe v. Fergusson, 20 Ala. 147, and Ross v. Ross, ib. 106, that an admission to remove the bar of the statute of limitations, where the bar is complete, must not only extend to the correctness of the original debt, but also to a present willingness or liability to pay it; but he insists, that the letter of the appellee properly construed amounts to this.

Let us then come to the consideration of this letter. We may observe at the outset, that it was written after this bill was filed, and while the suit was in progress.

In this letter Relfe says to the complainant, speaking of an offer he had made through the attorney of the latter : "I offered to pay you the money that your father's estate had to pay for my brother William, without interest, for this reason : that my brother's estate was insolvent—neither my brother nor myself received one dollar from it, &c. Therefore, I thought it would be equitable for us to divide the loss." * * "I have consulted able attorneys about the matter, and it is against their advice that I offer to make the compromise. They say that it is uncertain whether I am bound for the debt or not, but I do not want you to lose anything by my brother's estate ; therefore I make you the offer of $328, that you actually paid out. If you will compromise, I will pay you $328 on the first day of January next, bearing interest from the time that your attorney informed me that he had the business in hand. I hope that you will accede to my proposition."

To this letter he adds a *postscript*, saying: "I would not have insisted on your losing the interest, had not my brother's estate been insolvent ;" repeats that his attorneys had advised him not to compromise, "but for reasons already stated I propose to do so. I hope you will accede to my proposition."—
* * "Your terms of settlement we cannot accept. If I had any of my brother's property in hand, and was not already a loser by the estate, I would not expect you to lose the interest."

It is argued, that here is a distinct admission that the sum of $328 was paid by Pool for Relfe's intestate, and that, although this was accompanied with a proposition to compromise, this cannot prevent it from being held to be an admission of the truth of that fact, as the statement of it as a fact was in no wise essential to the proposition to compromise ; that it was gratuitously made, and ought to be received as proof of the admitted fact, whether the proposal to compromise be accepted or not. Concede this to be so, and what does it amount to ? It simply amounts to an admission on the part of Relfe that Pool did pay for his intestate the $328, as charged in the bill, many years ago. But this is no more than an admission of the correctness of the original debt or demand, and this will not suffice to remove

the bar of the statute. One thing more is necessary, and that is the admission of a willingness, or of an existing liability to pay that debt, and such an idea, instead of finding support in the terms of that letter, is plainly excluded and repelled by them.

The letter, in few words, amounts to this : " I admit that you paid for my brother the $328, as you allege in your bill, many years ago, in North Carolina. It is not equitable that you should lose both debt and interest. I will divide the loss with you, and if you will lose the interest, I will pay the principal ; and I make this offer expressly by way of *compromise*, for my attorneys have advised me that I can probably defeat your suit altogether."

If such a proposal as this can be construed to amount to the admission of the debt of $328 as an existing debt, or of a willingness to pay that sum as a debt carrying of course as such the interest which had accrued upon it from the time when it was first due, then it would be difficult to frame a proposal for a *compromise*, admitting the original justness of plaintiff's demand at all, which would not involve also such an admission as would remove the bar of the statute. But it will not bear any such construction. An offer to pay $328, in full satisfaction of that sum and 9 or 10 years interest upon it, is a very different thing from an admission that the debt and interest are both due, and that the party is willing to pay both. The offer is a plain and dis-tinct one ; and any construction that would carry its effect beyond what is plainly intended, would work injustice, and greatly discourage offers of compromise. The offer was to pay the $328 in full satisfaction of the claim. This the appellant thought proper to decline, and pursue his supposed rights by due course of law, and he must take the consequence.

Nor is there any ground furnished by this letter upon which to argue that the offer to pay is a conditional one, which becomes binding when it is shown that the respondent had received property from his brother's estate. The statement that he had received none may be shown to be false, and yet not alter the nature of his proposal. He makes that the pretence or reason why he does not offer more. But the extent and nature of the offer, and not his pretence or reason for making it, must govern the extent and nature of his liability.

The Chancellor very properly decided that the replication of a subsequent promise to the plea of the statute of limitations, was not supported by this letter, and dismissed the bill.

The decree below is affirmed.