## JOHN McDONALD v. JAMES G. GREY.

It is free from all doubt that an acknowledgment which, by its immediate effect, will take a debt out of the bar of the statute of limitation must be clear and unequivocal, and neither qualified by conditions nor limitations. (Paschal's Dig., Art. 4617a, Note 1027a.)

If the new promise be upon condition, the plaintiff must prove a compliance with, or the happening of, the condition.

If the condition be the offer of a compromise, the plaintiff must prove that he accepted the terms.

But, on the other hand, it must be admitted that an unconditional acknowledgment of a part of the debt, although coupled with a denial of liability for the remainder, and a refusal to pay it, if not made as a qualification of the admission, will take so much of the debt as is acknowledged out of the statute. The law will imply a promise to pay the amount admitted to be due. It is not incumbent upon the creditor to show that he has admitted the validity of the objections of the debtor to that part of the debt which he repudiates, or to show that he had relinquished his claim to it. (Paschal's Dig., Art. 4617a, 4617b.)

Where the defendant wrote a letter to the plaintiff, which, aided by his own admission as a witness, offered to pay the principal, but repudiated the interest, (see the letter in the statement,) the court construed the letter as an acknowledgment of the justice of the principal, and this court refused to reverse.

The judgment being in excess of the verdict, the court allowed a *remittitur* as to the excess, and affirmed to the extent of the verdict.

APPEAL from Calhoun. The case was tried before Hon. J. J. HOLT, one of the district judges.

The suit was upon a note for $376 89, with ten per cent. interest, with credit indorsed for $95 41. The note was barred when the suit was brought, but the plaintiff relied upon an acknowledgment of the justice of the claim in these words:

"INDIANOLA, *January* 31, 1860.

"MR. J. GREY.

"SIR: I am willing to pay you the principal of what I owe you for the 'Wave,' without interest. I had to lay her up for one twelvemonth, as I could get no license,

which threw me back very much.    Buchell threatened to lay her up whenever he could catch her; and also Mr. Fisher would not let me have one pound of the freight. Expected the bill of sale from you every day.    After twelve months' delay, I went to Matagorda, and got Mr. Hillard, Mr. McDonald, and Mr. Selkirk to go before a notary and prove that Pennington sold you his share of the boat, for which, at last, I got a license.    Dear sir, you will do me justice by complying with this letter.    Please write to me when you receive this letter, and you will confer a favor on yours, &c.                    JOHN McDONALD."

The defendant was examined as a witness, and stated thus: "He wrote the letter read in evidence to the plaintiff, and that the note sued on was given in part payment for the price of the schooner "Wave," and the letter referred to the note; that he had lost a great deal by not having a good title to the boat; that he therefore was unwilling to pay the whole amount due of note and interest."

Cross-examined, said the plaintiff never did accept his proposition to pay the principal of his indebtedness on the note, but afterwards sent the letter read in evidence and the note to Henry Thorpe, a lawyer of Matagorda, who demanded payment of the whole note and interest from defendant, which he refused to pay.

This was all the evidence in the case.    The jury, under the instructions of the court, which warranted it, returned a verdict for the plaintiff for the balance of the principal, but no interest.    The points were presented in every possible way.    The defendant appealed.

*Glass & Crosland,* for the appellant. — A conditional promise to pay a debt barred by the statute of limitation is null, unless accepted by the creditor.    (Ang. on Lim., 291; 5 Seld., 85; 2 Sand. Ch., 81; 1 Denio, 247; Mitchell v. Clay, 8 Tex., 443; 14 Tex., 501.)

An acknowledgment of a debt, to take it out of the stat-
xxix—6.

ute, must be clear, explicit, direct, and unqualified. (2 Pars. on Notes and Bills, 649, citing 14 N. H., 422; 26 Pa. State, 284; 3 Wend., 272; 13 Johns., 288; 9 B. Monr., 614; 20 Ala., 687; see also Smith v. Fly, 24 Tex., 353.)

An acknowledgment of the principal, and a refusal to pay the interest, will not take the case out of the statute. (Graham v. Keys, 29 Pa. State, 189; Duffie v. Phillips, 31 Ala., 571; Pearson v. Darrington, 32 Ala., 227; Pool v. Relfe, 23 Ala., 701.)

And, in general, an offer to pay a part of a claim as a compromise, and a refusal to pay any more, does not remove the bar of the statute as to the balance, or to the amount offered and not accepted. (Aldrich v. Morse, 28 Vt., 642; Bowker v. Harris, 30 Vt., 424; Smith v. Talbot, 6 Eng. Ark., 666; Smith v. Eastman, 3 Cush., 355; Douglas v. Elkins, 8 Fost., 26.)

A new promise to pay in cases of this kind is the cause of action, and it is a question of law whether the promise, as proved, amounts to a contract, which should be determined by the court. (Erskine v. Wilson, Austin T., Oct., 1863,) [27 Tex., 117.]

The court below having, as we believe, erred in its construction of the new promise in this case, we claim a reversal of the judgment below.

The judgment of the court below was excessive, the verdict being for the sum of $221 48, with 8 per cent. interest from January 30, 1860, while the judgment was rendered for $434 64; an excess of over $90 For this reason, also, we ask a reversal.

*Stockdale & Porter,* for appellee.—In this case the action was not simply on a promissory note. The petition set out all the facts, both of the original transaction and the subsequent acknowledgment taking the case out of the statute of limitation. In effect, the action was upon the new promise, which it is believed was not conditional; that is,

there was nothing to be done by the plaintiff below to make it binding. (Paschal's Dig., Art. 4617*a*.) The language of the letter is distinct and clear. It acknowledges the justice of the debt to the extent of the principal, and expresses a willingness to pay. This of itself created a new contract. (Webber v. Cochran, 4 Tex., 37.)

·If the new promise was, in any sense, conditional, which is denied, the condition was simply the acceptance by plaintiff below of the amount of the original debt, which by this action he offered to do; but, from the authorities referred to by appellant and the statute itself, it is apparent that this was an acknowledgment of the debt *pro tanto*, and legally a new promise to pay the same.

MOORE, C. J.—It is free from all doubt that an acknowledgment which will, by its immediate effect, take a debt out of the bar of the statute of limitation, must be clear and unequivocal, and neither qualified by conditions nor limitations. (Smith v. Fly, 21 Tex., 353; 2 Pars. on Notes and Bills, 469.)

The terms upon which the debtor predicates his promise or undertaking to pay such a debt are entirely within his own option and discretion, and the creditor can only avail himself of the new promise upon the stipulations with which it is coupled by the debtor; and the burden of showing that this has been done is upon the creditor. (Mitchell v. Clay, 8 Tex., 443; Smith v. Eastman, 3 Cush., 355; Ang. on Lim., 291.)

Whether made before, or after the bar of the statute is completed, the creditor cannot avail himself of an acknowledgment or promise upon condition, or as a matter of compromise, unless it is accepted within the time and upon the terms proffered. This fundamental doctrine in respect to all offers of compromise is as essential and as well recognized in cases of this kind as in any others. (Pool v. Relfe, 23 Ala., 701.)

But, on the other hand, it must be admitted, that an unconditional acknowledgment of a part of the debt, although coupled with a denial of liability for the remainder and a refusal to pay it, if not made as a qualification of the admission, will take so much of the debt as is acknowledged out of the statute. The law will imply a promise to pay the amount admitted to be due. It is not incumbent upon the creditor to show that he has admitted the validity of the objections of the debtor to that part of the debt which he repudiates, or to show that he had relinquished his claim to it. (Grayham v. Keys, 29 Pa., 189; Hart. Dig., Art. 2388;) [Paschal's Dig., Art. 4617*a*, Note 1027*a*.]

The only question of the least embarrassment presented by the record of this case is, as to the construction and true import of the letter of the appellant, which is claimed by appellee to be an acknowledgment of the justice of that part of the original debt for which he sues. Was the letter intended as a proffer of compromise of a dispute between the parties as to the validity of the note or original debt and appellant's liability for its payment? Was the admission of a willingness to pay the principal made upon the condition of a release of the interest? Or was it the purpose of appellant, while he admitted freely and unconditionally the justice of the principal of the debt, to appeal to appellant's liberality and sense of justice as to the interest? We are unaided in the construction of this letter by the light of the circumstances under which it was written, beyond those developed by its contents. There may have been, and probably were, circumstances, with the aid of which we might easily determine the true import which it bore in the minds of the parties at the time it was written and received. Guided merely by the letter itself and such facts as are in the record, we are lead to the conclusion, that it was properly construed by the judge in the court below to import an unconditional acknowledgment of the prin-

cipal of the debt, and therefore furnished a valid cause of action for that amount. Previous to the letter, it is not shown that appellant claimed or supposed that he could make any defense against a recovery by appellee for the entire debt; nor does the letter induce the belief that he set up any such claim. On the contrary, we think the reverse of this may be fairly inferred. He seems to appeal, in view of the hardship of his case—the losses which had sustained—to appellee's generosity and liberality, and not to any legal right on his part. It is true, he subsequently refused to pay the principal and interest, when they were demanded on the note and this letter. But this, it is probable, was after he supposed he was protected by the statute. At least he gave no explanation of the grounds of his refusal, although it was stated in the testimony which he himself gave in the case.

It appears from the record, that the verdict and judgment are for a larger amount than appellants were entitled to recover, but a *remittitur* having been filed in this court for the excess, the judgment will be reformed and rendered at appellee's cost for the amount adjudged below, less the sum remitted.

REVERSED AND REFORMED.