## BRADDOCK v. BROCKMAN.
### No. 707.

Court of Civil Appeals of Texas. Eastland.
June 13, 1930.

McFarlane & McFarlane, of Graham, for appellant.

O. H. Allred, of Breckenridge, for appellee.

FUNDERBURK, J.

On December 21, 1925, W. E. Braddock filed this suit in the county court of Young county against Mrs. Eula Brockman. The suit as thus originally brought was in all respects, except as next hereinafter noted, one for recovery against the defendant individually and as administratrix of the estate of J. O. Brockman, deceased, upon two notes for $100 each, and one for $81.50 dated May 5, 1921, signed by J. O. Brockman and payable to plaintiff; the due dates of the notes being four, six, and eight months respectively after their date. The only allegations not necessary and appropriate to the statement of a cause of action on the notes were the allegations in paragraph 3 of the petition, as follows: "Mrs. Eula Brockman has promised to pay said notes by an instrument in writing dated the 15th day of January, 1922, and, though often requested, defendants have failed and refused and still fail and refuse to pay same, to plaintiff's damage in the sum of $450.00." The record contains an order of the court, dated March 22, 1929, sustaining a plea of privilege of the defendant to be' sued in Stephens county. The plea of privilege is not in the transcript. On July 29, 1929, plaintiff filed his first amended original petition in the county court of Stephens county, and on September 23, 1929, the defendant filed her first amended original answer in said court. The amended pleading of plaintiff likewise sought recovery against Mrs. Brockman individually and as administratrix of the estate of J. O. Brockman, deceased. The execution of the three notes is alleged as before, and, in addition, the following:

"Plaintiff further alleges that J. O. Brockman died on the 10th day of May, 1921, leaving considerable property. That Mrs. Eula Brockman, his wife, wrote plaintiff on January 15, 1922, as follows: '415 N. Rose Ave., Breckenridge, Texas, January 15, 22. Mr. W. E. Braddock, Graham, Texas. Dear Sir: I hope you do not think I have not tried to get to your notes I have. If you will figure the interest on them I shall pay it in February, in March could pay you $100.00. Would you consider accepting the interest paid up to Mar. and $100.00? Renew the note then for $280.00. I believe the notes amount-

812

ed to $380.00 to be paid out next year at the rate of $70.00 per month beginning with Oct., the interest being paid with the fourth month. I had hoped to get to this sooner, but circumstances have been such that I could not. Please write me as soon as possible. Thanking you in advance for any kindness, Sincerely, Mrs. Ula. Brockman.'

"That Mrs. Brockman all along in her statements and letters to plaintiff has acknowledged the indebtedness and has promised payment and plaintiff relying on her promises that she would sell some of the property has extended the time of payment from time to time."

The defendant, in her amended pleadings, by exceptions challenged the sufficiency of the plaintiff's petition in several respects; the important ones being: (1) That for specified reasons it showed no right of recovery against Mrs. Brockman as administratrix; (2) that the cause of action was barred by limitation; (3) that the alleged promises and agreements of Mrs. Brockman to pay the notes were void and unenforceable as being within the statute of frauds. By supplemental pleading the plaintiff expressly abandoned any claim against Mrs. Brockman in the capacity of administratrix and declared that the cause of action against her individually was upon the letter of January 15, 1922, set out above; the allegation being, "that said letter set out by plaintiff in said petition (i. e. his first amended original petition) is the basis of this action, as is shown by paragraph three of plaintiffs' original petition," etc.

The record shows no judgment on the exceptions to the pleadings, nor is any assignment presented complaining of the action of the court with reference to the exceptions. The defendant did not plead limitation or the statute of frauds; those matters, as said before, being dealt with only in the exceptions, as to which no question is presented upon this appeal. Judgment was for the defendant. The trial judge filed findings of fact and conclusions of law. Plaintiff prosecutes the appeal.

The trial court made two findings of fact which are challenged on the ground that there was no evidence to support same. They are the third and fourth findings, as follows:

3. "That on the 21st day of December, 1925, on call of this case for trial in said court, the defendant, Mrs. Eula Brockman urged her plea of privilege to be sued in Stephens County, Texas, the county of her residence, which plea was by the court sustained, and judgment entered abating said cause in the County Court of Young County, Texas, and therein ordered that said cause be transferred to the County Court of Stephens County for trial."

4. "The court further finds as a matter of fact that said cause was not filed and docketed in the County Court of Stephens County, Texas, until March 23th, 1929, more than four years after said cause was ordered to (be ?) transferred and filed in the County Court of Stephens County for trial, and more than seven (years ?) after the date of the purported written promise to pay said debt."

We find no evidence to support either finding, and therefore sustain the proposition.

Among the trial judge's conclusions of law were the following:

"(1) That as a matter of law, suit must be brought in a court of competent jurisdiction for the collection of said debt, within four years after the date of the written promise to pay the same, and not afterwards.

"(2) That as a matter of law, after judgment entered in the County Court of Young County, Texas, ordering said cause to be transferred to the County Court of Stephens County, Texas, thereby the running of the Statute of limitation could not be arrested for a longer period than four years from the date of said judgment ordering such transfer. (The running of the statute of limitation cannot be arrested indefinitely by such judgment and order.)"

The last-quoted conclusion is manifestly based upon the findings of fact which we have already held are without support in the testimony. It is unnecessary for us to inquire into the correctness of the propositions of law stated in these conclusions, since, whether correct or not, they have no proper application to the record before us. It is statutory that limitation, to be available as a defense, must be specially pleaded. R. S. 1925, art. 5540. As has already been stated, the defendant did not plead limitation.

From what has been said it is manifest that the judgment is not supported by either the findings or conclusions of the trial court, and since it is the purpose of the law providing for the making and filing of findings of fact and conclusions of law that the losing party be able to test the correctness of the judgment by such findings and conclusions, it is necessary to reverse and remand the case.

We are somewhat in doubt as to the wisdom of discussing the case further. We will say, however, for what it may be worth in the future proceedings in the case, that we are inclined to the view that there was neither pleading nor evidence sufficient to support a judgment for plaintiff against the defendant as an individual upon the only cause of action that was finally left in the case; namely, the letter of January 15, 1922. In declaring upon the letter the notes themselves ceased to become the cause of action. "Where a new promise such as the one under

discussion is relied upon to avoid a plea of limitation, whether made before or after the bar is complete, it constitutes a cause of action and must be declared upon." Remy v. Sayeg (Tex. Civ. App.) 13 S.W.(2d) 472; Howard v. Windom, 86 Tex. 560, 26 S. W. 483; Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874; Interstate Bldg. & Loan Ass'n v. Goforth, 94 Tex. 259, 59 S. W. 871; Coles v. Kelsey, 2 Tex. 542, 47 Am. Dec. 661.

▇ We do not believe the petition in this case alleges the terms of an enforceable contract. It does not even allege that the notes were the consideration for the promise. If Mrs. Brockman was under no previous duty or obligation to pay the notes, which, in so far as the suit was against her as an individual, she was not shown to be, then a simple promise on her part to pay it would not be enforceable, at least not necessarily so. The pleading does not even allege any acceptance of the offer of Mrs. Brockman to renew the notes upon the terms proposed in the letter. If it was necessary to prove such acceptance as held in Yndo v. Rivas, 107 Tex. 408, 180 S. W. 96, it was necessary to the statement of a cause of action to allege such acceptance. "If a fact necessary to be proved to sustain a recovery is neither alleged nor fairly inferable from facts alleged, the petition is subject to a general demurrer." Certainly it cannot be said that this letter had the effect to supersede the obligations evidenced by the notes, which would be necessary for the letter to become in itself a sufficient cause of action.

Reversed and remanded.