### RAPPMUND v. ZAIONTZ.
#### No. 1973.

Court of Civil Appeals of Texas. Eastland.
Jan. 26, 1940.

Hayden C. Covington and Walter F. Schwartz, both of San Antonio, for appellant.

D. Richard Voges, of Floresville, for appellee.

LESLIE, Chief Justice.

Rose Rappmund filed her original petition herein against Frank Zaiontz September 26, 1938. She alleged that on November 1, 1926 Zaiontz executed and delivered unto Fritz Rappmund a promissory note in the sum of $2,000 bearing 5 per cent interest and 10 per cent attorney's fees in the event of suit and that the note was payable November 1, 1928. That the note was not paid at maturity but was "orally" extended from time to time. That the payee in said note transferred same to plaintiff prior to February 1, 1937 as a part of her separate estate.

That at the time of suit plaintiff was the owner and holder of said note and the obligation sued upon. That said note was made the basis and grounds of a subsequent written agreement whereby defendant expressly acknowledged the debt and impliedly promised to pay the same. That the new promise constituted the cause of action sued on in the petition. The new promise was alleged in words and figures as follows:

"October 30, 1937.

"Mr. Walter F. Schwartz
"Attorney-at-Law,
"516 Hicks Building,
"San Antonio, Texas.

"Dear Mr. Schwartz:

"With reference to your letter of October 28th, addressed to Mr. Frank Zaiontz, Route 2, Poth, Texas, I wish to advise that Mr. Zaiontz, is in my office and says that he has paid all interest due on the Two Thousand Dollar note, together with approximately One Thousand and No/100 ($1000.00) Dollars, or more, and that he also paid the funeral expenses of Mr. Rappmund amount to about Two Hundred and no/100 ($200.00) Dollars, all of which he has a record of at home and therefore the amount shown by the note is not correct.

"Very truly yours,
"D. Richard Voges, (Signed)."

The defendant filed his original answer, consisting of a general demurrer, special exception, etc. In his answer he pleaded the following letter in response to which Zaiontz made the above communication.

"October 28, 1937.

"Mr. Frank Zaiontz,
"Route 2, Box 34,
"Poth, Texas.

"Dear Sir:

"This is to advise you that I have been retained by Mrs. Rose Rappmund of this city to handle some legal matters appertaining to the estate of her deceased husband, and among the papers in my possession is one certain promissory note in the principal sum of $2,000.00. The amount due on said note at the present time including all interest is $3266.50, exclusive of the usual 10% attorney's fees.

"It is the purpose of this letter to ascertain from you as to whether or not you have, at any time in the past made any payments on said note; I am asking this by reason of the fact that there are no credits or payments shown on the reverse side of note.

"You will therefore acknowledge receipt of this letter and make immediate reply to the writer by mail and state fully whether or not the above is true and correct.

"Thanking you for your promptness in this matter, I beg to remain,

"Very truly yours,
"Walter F. Schwartz, (Signed)
"516 Hicks Building
"San Antonio, Texas."

The question of four year limitation was raised by exceptions which the trial court sustained. Upon failure of the plaintiff to amend, the petition was dismissed and this appeal follows.

In her brief the appellant, Mrs. Rappmund, says that "The sole and only question presented on this appeal is whether or not the written letter of attorney Voges (for Zaiontz) of October 30, 1937, was sufficient to take the plaintiff's cause of action out of the four years' statute of limitation."

Two propositions, one predicated upon the court's ruling in response to the general demurrer, and the other in response to the ruling on the special exception, are presented.

In the appellee's brief he states: "Appellee agrees with appellant that the two propositions present only one question, and appellee is therefore following appellant's form of submitting both the first and second counter propositions together without a restatement of the same, for the purpose of brevity."

In answering the question propounded by this appeal we shall do so in the light of the rule of law expressed in York v. Hughes, Tex.Com.App., 286 S.W. 165, 167, and other authorities as well, wherein it is held: "In order to remove the bar of limitation from a barred indebtedness, there must be a new promise to pay same, evidenced by writing on the part of the debtor. The liability of the debtor, in such a case, depends, not upon the old obligation, but upon the new promise. This new promise need not be expressed in the writing, but may be implied from what is written. An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness. But if the acknowledgment of the existence of the indebtedness be qualified by an expressed promise to pay same conditionally, a promise different from the one so expressed will not be implied. In such a case the fulfillment of the named condition becomes a prerequisite to the debtor's liability on the new promise." Citing authorities.

We do not believe there was any error in the ruling of the trial court in sustaining the demurrer. The letter relied on to toll the statute of limitation does not have that effect for the following reasons:

The suit is for the aggregate sum, principal, interest and attorney's fees, evidenced by the original $2,000 note. The Zaiontz letter affirmatively refuses acknowledgment of such debt. It, in effect, states that any such intimation or suggestion to that effect is "incorrect."

The letter states that Zaiontz has paid "all interest due on the $2,000 note together with approximately $1,000 * * * or more and that he also paid the funeral expenses of Mr. Rappmund amount to about $200, all of which he has a record of at home, and therefore the amount of such note is not correct." Clearly there is no acknowledgment of the debt as evidenced in the amount sued for.

The letter written October 28, 1937 by Mr. Schwartz to Mr. Zaiontz made inquiry concerning the note according to its particular terms and provisions. In his reply letter Mr. Zaiontz says: "The note does not state the *correct amount*" and points out that *approximately* $1,000 has been paid on the note. The exact amount so paid is not stated, but doubtless the term "approximately" stated a sum "nearly exact" or "not perfectly accurate" according to the standard definition of such term.

He also stated he had paid about $200 funeral expenses of Mr. Rappmund (original payee in the note). Here is another uncertainty. Webster's New International Dictionary says of the word "about": "Legally 'about' is nearly equivalent to more or less; but the variation legally permissible varies with what appears as reasonable in the contemplation of the parties under the circumstances."

If these definitions and analyses of the terms seem to be an exploration into the technical, as they do to the writer, it is equally true that they are also an exploration into the indefinite and uncertain; and it is these latter elements of Zaiontz's letter which seem to bar the construction the appellant would give that communication.

Further, the funeral expenses paid —whatever the amount—represents a sum within itself which Zaiontz challenges. Such

expenses may or may not be just and may or may not be a proper offset, but whatever the amount, uncertain as it is, to that extent the appellee gives no acknowledgment, but rather the contrary. The Zaiontz letter does not purport to state the exact amounts paid, etc., but merely approximates them, and states that he has a correct record of them at home. Hence, no definite amount is stated and the balance of the old obligation is for that reason left in uncertainty. There is no basis for a contention that the letter acknowledged the original debt or note, and it is equally clear there is no acknowledgment of any definite balance. Before the plaintiff could recover the whole amount, or a portion thereof, on the theory of this suit, the burden of pleading and proving such definite amount rested upon her. Zaiontz was under no duty to write the letter and appellant must accept it as it is, burdened with indefiniteness and uncertainty.

In McDonald v. Grey, 29 Tex. 80, a pertinent rule of law is stated thus: "But, on the other hand, it must be admitted, that an unconditional acknowledgment of a part of the debt, although coupled with a‧ denial of liability for the remainder and a refusal to pay it, if not made as a qualification of the admission, will take so much of the debt as is acknowledged out of the statute. *The law will imply a promise to pay the amount admitted to be due.*" (Italics ours.)

There is no written acknowledgment, as required by the statute, of any part of the debt, and if it could be said from the contents of the letter that there is an implied acknowledgment for some balance of the original debt, then such part or balance is left indefinite and uncertain in amount. We would then have nothing more than an implied promise resting upon an implied acknowledgment and, in our judgment, that does not meet the requirements of the statute. In Poe v. Poe, 118 S.W.2d 831, 834, writ refused, this court held: "A promise to pay is inferred from a clear and unequivocal acknowledgment of the existence of the debt in the absence of expressions indicating an unwillingness to pay it. The letter contains no acknowledgment of the existence of a debt. The existence of the debt cannot be inferred and then imply therefrom a promise to pay. One inference cannot be based upon another. Kleis v. McGrath, 127 Iowa 459, 103 N.W. 371, 372, 69 L.R.A. 260, 109 Am.St.Rep. 396."

In substance and effect it would be like resting a presumption upon a presumption.

We agree with the appellee that the opinion in William Leigh v. Byrd Linthecum, 30 Tex. 100, 101, is most nearly, if not in fact in point in this case. The letter relied upon in that case to toll the statute of limitation read in part as follows: "You said something about a note you have of William Leigh's. You are apprized I have an offset of six bales of cotton, besides account for hauling. When I see you we will adjust the matter, and whatever is due on the note I will pay." Perhaps this is even stronger than the Zaiontz letter involved in the instant case. The opinion in the Leigh case reads, in part, as follows: "If the letter may be held as an agreement to pay such amount as may be due on the note, after allowing the credits to which the defendant is entitled, and which are alluded to in the letter of the defendant, it devolves on the plaintiff to show the amount of those credits. By this means he shows the amount which the defendant agreed to pay. The promise is not to pay the money specified in the note, but a part only of that amount. The plaintiff must establish his demand to entitle him to judgment. The note and letter are links in the chain of evidence, but alone are insufficient to authorize a judgment against the defendant for any amount.‧ If the letter may be held as an agreement to pay a part of the note of 1841, yet it is wholly insufficient to show what part of the note was left unpaid, after allowing the credits to which the defendant was entitled. A party who avers that he holds a legal demand against another must sustain the averment by testimony legally sufficient to warrant the court in rendering‧judgment in his favor, or fail in his action. The evidence does not show that the plaintiff is entitled to a verdict against the defendant for any amount whatever. There is no error in the judgment, and it is affirmed."

Under the facts of the instant case, and in the light of the rules of law announced and applied by the authorities in Texas we are of the opinion that the Zaiontz letter does not contain the elements and substance essential to toll the statute of limitation as applied to the obligation evidenced by the barred note. The letter does not contain the written acknowledgment from which a promise to pay may be implied. The nature of such an acknowledgment is set forth and fully discussed in the opinion by this

court in Poe v. Poe, supra. Therein we quoted from the Supreme Court in Smith v. Fly, 24 Tex. 345, 76 Am.Dec. 109, the following: "The acknowledgment * * * must contain an unqualified admission of a subsisting indebtedness. * * * The acknowledgment must show positively, that the debt is due, either wholly or in part, and must be unqualified. * * * If the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute."

Further analysis of the Zaiontz letter is unnecessary.

For the reasons assigned, the judgment of the trial court is affirmed.