**STEWART v. PERKINS.**

No. 13185.

Court of Civil Appeals of Texas. Dallas.

March 6, 1942.

Rehearing Denied April 17, 1942.

Ross Huffmaster, of Kaufman, for appellant.

Smithdeal & Lefkowitz, of Dallas, for appellee.

PER CURIAM.

■ Appellant, a resident of Kaufman County, appeals here from an order overruling his plea of privilege. The suit below was for balance due on a note dated September 1, 1932, in the original sum of $1,375, payable in installments of $25 per month at the office of S. B. Perkins, Dallas, Texas. Additional allegations of plaintiff's petition were that defendant Stewart had "executed in writing a new promise to pay the balance due on said note in January, 1939, which promise defendant has failed to perform." These allegations are not to be construed as any part of plaintiff's cause of action on this appeal, no .proof having been adduced thereon. Likewise, 'appellee states that his averments concerning another independent obligation, dated April 1, 1936, form no part of this appeal.

The installment note in question was payable in Dallas County, and appellant's defense thereto of limitation is referable to a trial of plaintiff's cause on its merits. The interlocutory order, fixing venue of the obligation thus declared upon, is affirmed.

Supplemental Opinion on Rehearing.

YOUNG, Justice.

■ In a venue hearing, the sole issue being whether defendant is suable on the subject matter involved, in the place where the suit is filed, plaintiff's petition becomes "the best and all-sufficient evidence of the nature of the action."

Here, the note referred to in our memorandum opinion was duly set forth in said petition, and attached thereto as an exhibit; the prayer for relief reading: "Wherefore plaintiff prays that the defendant be cited to answer this petition, and that on final hearing plaintiff have judgment against defendant for the balance of principal and interest and attorney's fees due on said installment note dated September 1, 1932, which balance now amounts to the sum of $659.75."

His controverting affidavit also pleaded the note in haec verba, concluding with paragraph 5, viz.: "This court has venue of this suit by reason of the fact that the defendant has executed his contract in writing, namely, the note set out in paragraph 3 hereof, to perform the obligations

thereof, in Dallas County, Texas, and by reason of the fact that the note set out in paragraph 3 hereinabove expressly provides that it is payable in Dallas, Texas, all as provided for in Article 1995, Section 5 of the Revised Statutes of 1925."

The opening statement in appellee's brief reads: "All of the appellant's statement of the nature and result of the suit is substantially correct except that part in which it is inferentially asserted that appellee, who was the plaintiff in the court below, sued appellant, who was the defendant in the court below, on a new promise made after the note was barred by limitation. Because the Court might be misled on that point appellee submits the following Statement of the Nature and Result of the Suit: * * *"

Appellee's third counter proposition reads: "The petition of appellee, S. B. Perkins (Plaintiff in the trial court), against appellant, John N. Stewart, can not be construed as alleging that *the note sued on was barred by limitation and that after it was barred the maker had made a new promise to pay and the suit was on the new promise.*" (Italics ours)

Appellee's concluding argument of his reply brief includes these statements and admissions: "Appellant offered no proof as to the new promise except the allegation in appellee's petition that at the time appellant remitted a payment 'he executed in writing a new promise to pay the balance due on said note in January, 1939.' It is true appellee alleged that there was a new promise to pay the balance due on the note, *but appellee's suit was on the note itself.* He alleged that at the time of the filing of the suit there was a balance due on said note amounting to $599.78, and that there was also an attorney's fee of $59.78 due according to the terms of said note. His prayer was that he have judgment for the balance of principal, interest, and attorney's fees due on said installment note. * * * The testimony offered by appellant under his plea of privilege certainly does not prove a release of the note and a substitution therefor of a new contract." (Italics ours)

Plaintiff introduced in evidence on the hearing, his petition, controverting affidavit, and aforesaid note, which, he contends, by its terms and method of payment, was not barred by any appropriate statute of limitations.

■ Article 2007, R.C.S., Vernon's Ann. Civ.St. art. 2007, requires that the controverting plea in question shall be under oath, "setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending"; the affidavit just referred to becoming plaintiff's replication to defendant's plea of privilege, and the only pleading that may be looked to in determining the venue issues sought to be raised. Grogan-Cochran Lumber Co. v. McWhorter, Tex. Civ.App., 4 S.W.2d 995; Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194. It is there specifically alleged that plaintiff's claim is upon a written demand, payable in said county, and not upon a new promise, of which he makes no mention. Plaintiff reiterates throughout this record that his action is upon the note, yet defendant, in his zeal to prevail, introduces in evidence four lines of plaintiff's petition and seeks to expand them into the entire cause of action; first, by demonstrating prematurely that the note is barred, and then, that such "new promise" or novated transaction is not payable in Dallas County. Defendant cannot so fix the character of plaintiff's action, which plaintiff states "was on the note itself." No mention being made in the controverting plea of a "new promise," or issue raised thereon by proof, such allegations are mere surplusage and, in effect, pass out of the case.

If, perchance, before trial on the merits, plaintiff should amend and declare upon a "new promise," a new and independent cause of action would be presented, subject, of course, to defendant's further venue plea. Burrage v. Hunt Production Co., Tex.Civ. App., 114 S.W.2d 1228. In event of such a changed situation, the authorities and reasoning of Chief Justice BOND would be quite useful.

Appellant's motion for rehearing is overruled.

● BOND, Chief Justice (dissenting).

In the majority opinion (incognito per curiam), a statement is made that the averment in plaintiff's petition that the defendant Stewart had executed in writing a new promise to pay the balance due on said note in January, 1939, which promise defendant has failed to perform, is "not to be construed as any part of plaintiff's cause of action on this appeal, no proof having been adduced thereon." I regret my inability to

comprehend the force of the majority's conclusion.

The "new promise" is the essence of plaintiff's lawsuit and the controlling element in this appeal, without which, plaintiff's suit, on the face of his petition, would be barred by the four-year statute of limitation. The alleged barred note is the consideration for the new promise, making new covenants; consequently, the promise and not the note is the basis of the suit; therefore, in absence of pleadings and proof that the new promise is performable in Dallas County, Texas, where the suit was instituted, the defendant's plea of privilege should have been sustained.

Manifestly, plaintiff alleged the new promise to forestall the four-year statute of limitation; what other purpose could plaintiff have had in alleging that "at the time the defendant remitted said payment of $75 (on the note), he executed in writing a new promise to pay the balance due on said note in January, 1939, which promise said defendant has failed to perform"? Indeed, the new promise to pay the balance due on the barred note, if in writing and made payable in Dallas County, Texas, venue of the suit would lie in that county; otherwise, in the county where the defendant Stewart resides. It is a settled rule in this state that the burden of proof, by force of a filed plea of privilege, rests upon the plaintiff to allege and prove that the defendant had contracted in writing to perform the obligation in the venue county.

It will be observed from plaintiff's petition that the promissory note is alleged, in all its details. It was executed by the defendant on September 1, 1932, payable in installments of $25 per month with interest, and a 10% contingent attorney's fee; and attached thereto is a copy of the note, and a detail statement showing the dates and amounts of credits paid thereon. The note expressly provides that "the failure to pay any installment when due matures the whole amount of said note"; and the statement of credits shows default in the installments for the months of September to December, 1932; November, 1933; January to December, 1934; January, February, and June to December, 1935; January to April, May to September, and October to December, 1936; no installments paid during the year 1937; and January to October and November, 1938. Therefore, the maker having failed to make payments in accordance with the terms of the note, and the payee or holder thereof having no option in the matter, the note became barred four years after any one of such defaulted payments, and the plaintiff having alleged a new promise, the burden was upon him to allege and prove that the new promise was performable in Dallas County, where the suit was filed. Such failure was fatal to the venue issue raised by defendant's plea of privilege.

There is much authority in this state for the doctrine that a previous barred debt is merely the consideration for the new promise, that it is the new promise which takes the case out of the statute of limitation, and that, being a new promise, it, within its four corners, binds the parties. It is the new contract that gives the creditor a new cause of action, and where, as in this case, the new promise is alleged, the promise and not the original debt is the measure of both the creditor's rights (venue and all) and the debtor's liability. The creditor can claim nothing more than the new promise gives him. Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; Coles v. Kelsey, 2 Tex. 541, 542, 47 Am.Dec. 661; Cotulla v. Urbahn, 104 Tex. 208, 126 S.W. 1108, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas.1914B, 217; 28 Tex.Jur. 270, Sec. 174; McDonald v. Grey, 29 Tex. 80; Braddock v. Brockman, Tex.Civ.App., 29 S.W. 2d 811; Canon v. Stanley, Tex.Civ.App., 100 S.W.2d 377.

In Tex.Jur., supra, the text states the law, with authorities, thus: "The authorities all agree that the making of a new promise to pay a claim, either before or after the bar of the statute of limitations, creates a cause of action upon the new promise. In other words, the cause of action is not upon the original claim, but upon the acknowledgment as a new promise, which is required to be pleaded; and the original indebtedness serves only as consideration for the subsequent agreement. (citing numerous authorities). * * * (185) In such a case, the new promise constitutes the new cause of action, which must be declared upon; suit should not be brought upon the original obligation." (citing authorities)

In Coles v. Kelsey, supra, our Supreme Court quoted with approval Story on Contracts, Sec. 1013: "The operation of the Statute may also be frustrated, by an acknowledgment of the existence of the debt, or by a new promise to pay it. This promise, or acknowledgment, is considered as a

new promise, founded upon the previous debt as a consideration, and must be sufficient in itself to support an action for the debt, independent of the original promise. The acknowledgment is to be considered not as a revival of the original agreement, but as a new and distinct agreement in itself."

In McDonald v. Grey, supra, is a suit upon a barred note, in which plaintiff had alleged a new promise; our Supreme Court said: "The terms upon which the debtor predicates his promise or undertaking to pay such a debt are entirely within his own option and discretion, and the creditor can only avail himself of the new promise upon the stipulations with which it is coupled by the debtor; and the burden of showing that this has been done is upon the creditor."

In Braddock v. Brockman, supra [29 S. W.2d 812], analogous case as here, plaintiff brought a suit on a barred note and alleged a new promise; a plea of privilege was interposed. The court said: "In declaring upon the letter the notes themselves ceased to become the cause of action. 'Where a new promise such as the one under discussion is relied upon to avoid a plea of limitation, whether made before or after the bar is complete, it constitutes a cause of action and must be declared upon.' "

In Canon v. Stanley, supra [100 S.W.2d 378] the suit was on a barred note; plaintiff alleged a new promise. The court said: "While the original cause of action should be set out as constituting the consideration for the new promise, the suit being upon the subsequent promise it should be alleged in plain and emphatic terms. 28 Tex. Juris. p. 273; White v. Stewart, Tex.Civ. App., 19 S.W.2d 795. It is merely a conclusion of law to allege that on a date specified the debtor acknowledged the debt. It is said in Howard v. Windom, 86 Tex. 560, 26 S.W. 483, and in Powers v. Schubert, Tex.Civ.App., 220 S.W. 120, that the practice is to set forth in writing in hæc verba, or to produce it as an exhibit."

In Cain v. Bonner, supra, Chief Justice Phillips announced the rule, in unmistakable language: "When in an action for debt a new promise is relied upon to avoid a plea of limitation, such promise, whether made before or after the bar is complete, constitutes the cause of action and *must* be declared upon for a recovery. Since the statute, when pleaded, makes a recovery upon the barred debt impossible, reliance upon the new promise to overcome limitation necessarily makes of it the cause of action. Otherwise there is no cause of action that may be enforced. This has been the holding of the court since Coles v. Kelsey, 2 Tex. [541], 542, 47 Am.Dec. 661. It is the settled law of the State; and there can be no occasion now for opening the question of whether the new promise is to be regarded as only a means of *continuing the original indebtedness in life and vigor.* The renewal obligations were set up by the plaintiff in his amended petition for the evident purpose of avoiding the limitation to which the original contract was subject." (Italics mine)

Under the above authorities, the acknowledgment of or promise to pay the principal of the note does not revive the note, or extend the covenants of the old debt beyond its terms. The old debt had been extinguished by law and all of its covenants were extinguished, other than those the new promise, expressly or by necessary implication, extended. The new promise "to pay the balance due on said note in January, 1939" is the limitation of liability; it does not extend the covenants for payment of attorney's fees, or *the place of performance.* In Rappmund v. Zaiontz, Tex.Civ.App., 137 S.W.2d 870, at page 873, the court quoted from our Supreme Court, in McDonald v. Grey, 29 Tex. 80: "* * it must be admitted, that an unconditional acknowledgment of a part of the debt * * * will take so much of the debt as is acknowledged out of the statute. *The law will imply a promise to pay the amount admitted to be due."* (Italics mine)

Therefore. from the adjudicated cases, it seems well settled that a new promise, to avoid a plea of limitation on a barred debt, must be a legally sufficient promise, containing all the material substantive terms of the original contract, so that it is not necessary to resort to oral testimony to supply one or more of such terms and to make it complete and definite. Thus, a new promise to pay the *principal* of a barred note, without more, is not sufficient to extend the promise to pay the contractual interest, or the attorney's fees, or revive the place of performance. So, in the case at bar, if the alleged new promise can be considered to avoid a plea of limitation to the note, it can only be extended to the "balance due on the principal." That is all the obligor agreed to do.

It is also well settled that a plea of privilege raises all issues to defeat venue out-

side of one's residence, other than defensive pleadings necessary to be denied under oath. Rule 86, Texas Rules of Civil Procedure. In the case of Victoria Bank & Trust Co. v. Monteith, Tex.Com.App., 158 S.W.2d 63, 68, plaintiff brought suit in Harris County, Texas, against a defendant, a resident of Victoria County. The suit, in effect, was based on a plea of joint conversion of property. The defendant filed a statutory plea of privilege, and, in consequence, urged a plea of estoppel, a defensive issue to the suit. The question of venue was certified to the Supreme Court, where Judge Smedley said: "Respondents contend that estoppel could not be considered in the hearing of the plea of privilege because relator, the defendant in trial court, did not plead estoppel and for the further reason that estoppel is defensive, going only to the merits and not to venue. In our opinion it was not necessary for relator to plead estoppel, either as a part of the plea of privilege or in a subsequent pleading, for the trial of the question of venue. Article 2007 makes the statutory plea of privilege both sufficient pleading and prima facie proof of the defendant's right to change of venue, and under that plea the defendant may offer any competent evidence tending to contradict the plaintiff's evidence, or tending to defeat the right to maintain venue asserted in the controverting affidavit."

In the case of Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845, 847, the plaintiff sought to hold venue of the nonresident defendant on written acceptances; Judge Short, for the Supreme Court, said: "When a defendant denies under oath in the plea of privilege that any of the exceptions of the venue exists in his case, it then becomes the duty of a plaintiff, after having filed the proper controverting affidavit, to establish to the satisfaction of the trial judge, by competent evidence, that one of the exceptions to the venue statute does exist in the case."

In Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824, 825, the venue fact raised by plea of privilege in statutory form was the execution of an alleged contract; Judge Harvey said: "Where a defendant is sued outside the county of his residence, and he has duly filed his plea of privilege to be sued in

the county of his residence, as prescribed by article 2007 of the statutes, and the plaintiff files a controverting plea alleging the execution by the defendant, or by his authority, of a contract in writing to perform, in the county in which the suit is brought, the obligation sued on, the plea of privilege, as regards the determination of the plea, has effect to put the plaintiff to proof, by extrinsic evidence, of the fact of execution by the defendant, or by his authority, of the said contract as alleged. This was settled in Johnson v. Dallas Cooperage & Hardware, [120 Tex. 27], 34 S.W.2d 845."

In Heard & Heard v. Kuhnert, 155 S.W. 2d 817, 820, the plaintiff's suit was based on negligence, resulting from trespass. Proximate cause was presented as a defensive matter, and was urged on plea of privilege as an element of venue. The San Antonio Court of Civil Appeals said: "Whether the 'trespass' under Exception 9, or the 'cause of action' under Exception 23, be considered, it seems clear that 'proximate cause' is an element of a venue fact. It follows that it was incumbent upon appellee to establish the existence of this element by a preponderance of the evidence."

So, in the case here, defendant's plea of privilege, in statutory form, raised the venue issue as to the new promise; therefore in absence of proof, the venue of the suit should have been transferred to the County Court of Kaufman County, Texas. The majority opinion expressing the view that the allegations in plaintiff's petition, as to the new promise, evidently relied upon by plaintiff to avoid a plea of limitation, "are not to be construed as any part of plaintiff's cause of action on this appeal," because, forsooth, the plaintiff adduced no proof thereon, devalues the averment. Such allegations undoubtedly would permit, on trial of the cause on the merits, proof of the execution of the alleged new promise. That being true, the filed plea of privilege brings the averments before the court as a potent factor in determining the venue of the suit. The mere fact that plaintiff offered no proof on the allegations does not detract from the force and effect of the new promise. The failure to offer proof on the allegations of the new promise is fatal to the venue issue on this appeal.

I respectfully dissent.