SOUTHWESTERN INVESTMENT
COMPANY, Appellant,

v.

Edward C. ALLEN, Appellee.

No. 6843.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 23, 1959.

Rehearing Denied March 23, 1959.

Simpson, Clayton & Fullingim, Amarillo, for appellant.

Stone & Stone, Amarillo, for appellee.

PITTS, Chief Justice.

This appeal is from a judgment sustaining a plea of privilege which arose out of a suit filed in Potter County, Texas, by appellant, Southwestern Investment Company, against appellee, Edward C. Allen, on a promissory note secured by a mortgage lien as a result of which appellee sought to have the case transferred to El Paso County, Texas, the county of his residence. In the original suit appellant pleaded in effect the execution of the note by appellee of date November 29, 1957, payable to the order of Kemp Motor Company of El Paso, Texas, as a part of the purchase price of a "1958 Ford Country Squire Station Wagon" and secured the payment of the note by a chattel mortgage lien of the same date on the said motor vehicle; that the principal sum of the note was $2947.05, payable in monthly installments of $75 per month, beginning January 3, 1958, at the office of Southwestern Investment Company in Amarillo, Potter County, Texas; that immediately thereafter, not giving the date, Kemp Motor Company sold, endorsed, assigned and delivered the said note and mortgage to appellant herein; that the debt and lien were at the time noted on the certificate of title to the said motor vehicle but the said debt and lien had since been released on the certificate of title to the said motor vehicle through error of one of appellant's employees, which error was well known to appellee who now disputes the fact that he is further indebted to appellant on the said note; that in fact appellee had previously made two payments on the said note but defaulted on the third payment due March 3, 1958, thus accelerating the payments due on the note as provided for in the terms of the note and mortgage lien, for which alleged payments due appellant sued appellee together with interest and attorney fees.

Appellee answered only by filing a plea of privilege seeking to have the primary case transferred to El Paso County, Texas, the county of his residence, and among other venue issues therein pleaded he alleged that:

"Plaintiff has filed his petition on said note in Potter County, Texas, for the fraudulent purpose of obtaining venue when said Plaintiff has knowledge of facts that will defeat any claim of Plaintiff's petition in that said note was payable and payments were made on said note in El Paso County, Texas.

"No exception to exclusive venue in the County of ones residence provided by law exists in said cause. This suit was not commenced in the proper county."

Under the provisions of Rule 86, Texas Rules of Civil Procedure, the filing of such plea of privilege constituted prima facie proof of appellee's right to a change of venue. In support of the rule we likewise cite 43B Tex.Jur. 274, Sec. 99.

However, appellant timely filed its controverting affidavit denying appellee's allegations, copying verbatim appellee's allegations of fraud previously herein quoted and specifically denying that such was true, then setting forth the terms and provisions of the note and mortgage lien

previously herein shown to have been alleged in its original petition all of which it made a part of its controverting affidavit and claimed venue in Potter County, Texas, because the said note was made payable in the said county.

The parties have on venue questions alone joined issues specifically upon a fraudulent accusation of known "facts" (not specifically pleaded) as set out in the pleadings of both parties and previously herein quoted from their pleadings. The nature of the alleged fraud and the denial thereof is not shown, but it seems the parties both knew the nature of the charge since appellee affirms under oath that it is true and appellant denies the charge under oath and avers therein such to be untrue and false. Appellant did not except to the fraudulent charge pleaded by appellee, or any other of appellee's pleadings, or seek thereby to have appellee make his fraudulent allegation "of known facts" any more specific. In any event appellee's pleadings of fraud must have been sufficient to put appellant on notice because appellant denied the charge under oath and it will be remembered that appellant alleged that appellee was then disputing the alleged debt. Appellee pleaded in connection with the fraudulent charge that the note in question was payable in El Paso County, Texas, and that the payments thereon were all made in El Paso County, Texas, while appellant pleaded that the payments on the note were made payable in Potter County, Texas. There is no way to determine from the general pleadings of the parties exactly what constituted the controverted issue or question "of known facts" not specifically alleged but seemingly understood by both parties. According to the pleadings such may have been a waiver, a new or subsequent contract or agreement, an estoppel, an accord and satisfaction, an acquiescence of a change made, a ratification of a change made or silence as an admission, full performance, or some other disputed issue between the parties that had not been specifically pleaded but seemingly understood between them.

The issues of venue only were tried to the court without a jury as a result of which judgment was rendered sustaining the plea of privilege, from which judgment appellant perfected an appeal and presents four points of error charging in its first three points of error that there was no evidence to sustain the trial court's judgment, there was insufficient evidence to sustain the said judgment and that the judgment is so against the overwhelming weight of the evidence as to be manifestly wrong and unjust.

According to the record no findings of fact or conclusions of law were requested or filed by the trial court. In the absence of findings of fact in a case tried without a jury it is settled that we must test the validity of the judgment on the assumption that the trial court found every disputed fact in such a way as to support the judgment rendered. Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958. Under the facts and circumstances presented here we are required, in determining the sufficiency of the evidence in support of the implied findings of the trial court, to consider only that evidence most favorable to the implied findings upon the issues raised and to disregard entirely all evidence to the contrary. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114; North East Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 11 A.L.R.2d 1065. It has been held that the test on appeal from an order sustaining or overruling a plea of privilege concerning a charge of insufficiency of evidence is the same as any other civil case. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. In determining the question of whether or not the overwhelming weight of the evidence is so against the trial court's judgment as to be manifestly wrong and unjust, we must examine and consider all of the evidence heard. In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660 and Tex.Civ.

App., 248 S.W.2d 525. Under the record presented here every issue raised by the evidence must be resolved in favor of the trial court's judgment. Coker v. Harris, Tex.Civ.App., 281 S.W.2d 100; 3B Tex. Jur. 278, 279, Sec. 873, and other authorities there cited. The judgment of the trial court will be affirmed if there is evidence to support it upon any reasonable theory authorized by law. Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706; Humphrey v. Southport Petroleum Co., Tex.Civ.App., 131 S.W.2d 395; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947; La Force v. Bracken, Tex.Civ.App., 163 S.W.2d 239, affirmed 141 Tex. 18, 169 S.W.2d 465. In this case the trial judge being the trier of facts was the sole judge of the credibility of the witness heard and the weight to be given to his testimony and had the right to believe or disregard any evidence heard. Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231; Henwood v. Polis & Hagan, Tex.Civ.App., 231 S.W.2d 720; Shock v. Mrs. Ragsdale's Foods Co., Tex.Civ.App., 228 S.W.2d 353.

■ It has been held that a defendant is entitled to be sued in the county of his residence in the absence of any statutory exception and that exceptions to the privilege of a citizen to be sued in the county of his domicile must be strictly construed and clearly established. Williams v. Rearick, Tex.Civ.App., 218 S.W.2d 225; Deaton & Son v. Miller Well Servicing Co., Tex.Civ. App., 231 S.W.2d 944; Tatum v. Home Improvement Loan Co., Tex.Civ.App., 300 S.W.2d 215.

The record reveals that appellant introduced its note and mortgage, together with a stipulation that appellant's office is located in Amarillo, Potter County, Texas, and then rested. When appellee offered oral testimony in support of his claims of fraud, appellant objected on the grounds that the written contract revealed where payments were to be made, but the trial court seemed concerned about the nature of the alleged fraud, overruled the objection and said the evidence would be heard since it was all before the court. Appellee then testified in effect that he bought the automobile in question and the note and mortgage were executed by him and that he had never been told to make the payments in Potter County but he "was instructed to make the payments on the note in El Paso County, Texas;" that he made two payments as they became due and thereafter paid off the note completely and that all of his payments thereon were made in El Paso County; that after the payments had been made and the note paid off in full, he got a call from appellant's office in El Paso "asking when he was going to come down and make a payment?" While this witness was on the stand appellant made the following admissions in open court: "We will admit that we have an office in El Paso and we accept payments there" and "We admit that those payments that he made, whatever payments he made, were made at the El Paso office, Your Honor." Such was all of the material evidence heard by the trial court. The oral testimony given by appellee was in no way denied or controverted. In fact appellant did not cross examine appellee as a witness or in any manner seek to disprove any of his testimony. While appellant pleaded that the debt and lien previously placed on the certificate of title to the motor vehicle in question had been subsequently released through error of one of appellant's employees, it did not offer any evidence in support of its claims there pleaded.

If there be sufficient evidence to support the presumed findings and the judgment of the trial court, certainly such will refute appellant's claims that there was no evidence to support such. Applying the foregoing rules of law, it is our opinion that there was sufficient evidence to support the implied findings of the trial court in support of its judgment thus refuting appellant's claims that there was no evidence to support such implied findings and the judgment as well as to refute appellant's claims that the evidence was insufficient to support such. We further believe after examining all the evi-

dence that the overwhelming weight of the evidence does not show the trial court's judgment to be manifestly wrong and unjust, as claimed by appellant, but the overwhelming weight of the evidence shows that the trial court under the record presented was justified in finding and concluding that the note secured by the mortgage lien and sued on by appellant had been' previously fully paid by appellee, and that the said note and mortgage having been liquidated and the terms of the contract having been fully performed, such would not support appellant's claims of venue in Potter County, Texas.

Appellant asserted on page 2 of its brief that: "Appellee did not plead fraud, accident, mistake or waiver * * *" and contends that the trial court rendered judgment upon the theory that appellant waived its right to sue upon the note in Potter County and it presented its fourth point predicated upon such a contention claiming that waiver must have been specifically pleaded before it could be relied upon as a defense and that appellee did not plead waiver. In the case of Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 68, in an opinion by the Commission of Appeals adopted by the Supreme Court, it was contended that an estoppel could not be considered on a hearing on a plea of privilege because it had not been pleaded by the defendant. Such contention was there overruled and it was held that under a statutory plea of privilege, such as we have in the case at bar, "the defendant may offer any competent evidence tending to contradict the plaintiff's evidence, or tending to defeat the right to maintain venue asserted in the controverting affidavit." Many authorities are there cited in support of the rule and the said authority has been since cited with approval in the cases of Stewart v. Perkins, Tex.Civ. App., 161 S.W.2d 876 and Davenport v. Cabell's Inc., Tex.Civ.App., 239 S.W.2d 833. It is our opinion in any event that the rule announced would apply to waiver as well as to estoppel. Facts constituting waiver may be alleged however without using the word "waiver." 43B Tex.Jur. 490, Sec. 12. In any event appellant is wrong in asserting that appellee did not plead fraud for, as previously herein shown, appellee did plead fraud and appellant denied the allegation. From an examination of the record we do not find that the trial court was limited to the theory of waiver. alone or that it rendered its judgment based upon the theory of waiver as contended by appellant. On page 5 in the statement of facts, appellee asserts that "The issue in the case is whether or not the note has been paid. Our position is that it has been paid." In support of such claims he offered positive and uncontroverted testimony to the effect that the said note had been completely paid off and, after hearing his proof, it seems now that his pleading of fraud may be given meaning and may be construed to the effect that he thereby meant to allege that appellant had knowledge of the fact that the note had been fully paid off in El Paso County and the contract fully performed but appellant has subsequently and fraudulently sought venue in another suit on the same contract in Potter County, Texas, the same being this suit. In the case at bar the record does not disclose whether or not the trial court found the existence of fraud but there may be an implied finding to that effect in support of its judgment.

In the case of Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436 (petition for writ of mandamus refused) this court held that an issue of fraud may be raised by a pleading in a venue case and that the parties to the suit are bound by a finding on the issue of fraud unless it is clearly shown that the trial court abused its discretion. In our opinion the trial court did not abuse its discretion if there be an implied finding of fraud in the case at bar.

In our opinion the authorities cited by appellant in support of its claims are distinguishable from the case at bar and are certainly not controlling here.

Based upon the record and particularly upon the uncontroverted testimony of appellee to the effect that the said note had been fully paid off and the admissions made in open court by appellant to the effect that appellant had an office in El Paso where it accepted payments and whatever payments appellee had made on the note were made in El Paso, the trial court in our opinion was justified in sustaining the plea of privilege. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.